998 F.2d 1010
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Perchrisian DOZIER, a/k/a Pat, a/k/a Ma Dozier, a/k/a
Perchristian Dozier, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Kelvin Riddick, a/k/a Tank, Defendant-Appellant.
United States of America, Plaintiff-Appellant,
v.
Sherman Dozier, a/k/a Pa Dozier, a/k/a Pop Dozier,
Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Olander Graves, a/k/a Cricket, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Mordurcue Craddock, a/k/a Marty, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Christopher Hamlin, a/k/a Terry, a/k/a Shorts, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Stacey Robinson, Defendant-Appellant.
 Nos. 92-5455, 92-5462, 92-5463, 92-5464, 92-5465, 92-5479, 92-5472.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 29, 1993.
Decided: July 26, 1993.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk.
 Andrew Robert Sebok, for Appellants.
 Laura Marie Everhart, Assistant United States Attorney, for Appellee.
 Loeva Jane Cook, COOK & MCCRACKEN, for Appellant Perchrisian Dozier.
 Carrollyn Charles Cox, COX & COX ATTORNEYS AT LAW, for Appellant Riddick.
 Jesse Edgar Demps, ERIC O. MOODY & ASSOCIATES, P.C., for Appellant Sherman Dozier.
 Donald R. Ray, for Appellant Craddock.
 W. Thurston Harville, for Appellant Hamlin.
 Sterling Harrisbe Weaver, Sr., for Appellant Robinson.
 Richard Cullen, United States Attorney, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and FABER, United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Perchrisian Dozier, Kelvin Riddick, Sherman Dozier, Olander Graves, Mordurcue Craddock, Christopher Hamlin, and Stacey Robinson, along with several others who are not parties to these appeals, were indicted in Norfolk, Virginia, for their participation in a large drug distribution conspiracy. Evidence was presented that during the course of the conspiracy, its members distributed over 79 kilograms of cocaine, 73 kilograms of heroin, and 5 kilograms of crack cocaine. Each of the appellants pled guilty to a count of the indictment, and, following a hearing, Perchrisian Dozier was sentenced to 188 months imprisonment, Sherman Dozier to 100 months, Riddick to 210 months, Craddock to 175 months, Graves to 264 months, and Hamlin and Robinson to life imprisonment. All now appeal their sentences, contending principally that the district court improperly calculated the quantity of drugs involved in the conspiracy and attributable to each member.* Riddick and Craddock also contend that the district court erred in failing to find them minor participants.
 
 
 2
 Most of the drug quantities used by the district court to establish the appropriate sentence for each appellant were derived from the testimony of Agent Samuel Bryant, Jr. of the Federal Bureau of Investigation. During his investigation of the crimes alleged in the indictment, Agent Bryant interviewed the appellants as well as approximately 40 or 50 other witnesses who provided Agent Bryant with the principal information given in his testimony. The appellants contend that this evidence was hearsay and denied them the opportunity to cross-examine the witnesses. It is well established, however, that evidence to support factual findings for sentencing may be hearsay so long as there are sufficient indicia of reliability to support its probable accuracy. See United States v. Terry, 916 F.2d 157, 161 (4th Cir. 1990) (At sentencing, "[t]he trial court may properly consider uncorroborated hearsay evidence that the defendant has had an opportunity to rebut or explain."); see also United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir. 1992) ("For sentencing purposes, hearsay alone can provide sufficiently reliable evidence of quantity.").
 
 
 3
 In this case, the district court was struck by the large amount of drugs involved in the conspiracy and, at many junctures of its analysis, favored some of the appellants with leniency in its findings because of the heavy sentences that would necessarily follow. We note further that the district court was careful to consider the time period during which each appellant was involved in the conspiracy when determining the imputable quantity of drugs. Moreover, the large informational base obtained by Agent Bryant, a professional investigator, tended to make his testimony more reliable than if it was based on the interview of a single witness. We have reviewed the record and conclude that the findings were not clearly erroneous but were amply supported by evidence in the record. See United States v. Brooks, 957 F.2d 1138, 1148 (4th Cir.) (factual findings underlying a district court's imposition of a sentence need only be supported by a preponderance of the evidence and will not be overturned on appeal unless clearly erroneous), cert denied, 112 S.Ct. 3051 (1992).
 
 
 4
 The district court's conclusion that Riddick and Craddock were not minor participants for sentencing purposes was also not clearly erroneous. Each defendant sold vast quantities of "dime bags" of heroin daily, and the judge's decision reflects this. Finally, Craddock's argument that he was denied due process because his federal sentence exceeded his state sentence for the same conduct by 4 1/2 years has no legal basis.
 
 
 5
 Finding the appeals to be without merit, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 *
 Since submitting his brief, Sherman Dozier died, and his counsel has moved to withdraw his appeal, No. 92-5463, on the grounds that it is moot. We grant the motion and do not therefore address further any of his arguments