34 F.3d 1067
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pete SMITH, a/k/a Jose, Defendant-Appellant.
 No. 93-5977.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 21, 1994.
Decided: Sept. 1, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CR-93-117)
 ARGUED: Danny Thomas Ferguson, Winston-Salem, NC, for Appellant.
 Scott Patrick Mebane, Assistant United States Attorney, Greensboro, NC, for Appellee.
 ON BRIEF: Walter C. Holton, Jr., United States Attorney, Greensboro, NC, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINS and WILLIAMS, Circuit Judges, and ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Smith pled guilty to a one count indictment for possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(A). At sentencing, the trial court found that the sentencing guidelines did not adequately reflect Smith's criminal history, and departed upward one category, sentencing Smith to 168 months in prison. Smith filed a timely notice of appeal. We affirm.
 
 
 2
 Smith originally assigned three errors on appeal. However, he has now chosen to rely solely on one argument, and has abandoned issues two and three. See Brief of Appellant at 14. Smith's claim is that the sentencing court erred in departing upward from the United States Sentencing Guidelines (U.S.S.G.) when deciding his sentence. While he does not challenge the sentencing court's authority to make an upward departure, he does complain that the sentencing court considered information that was not sufficiently reliable to form a legally satisfactory basis on which to make such a departure.
 
 
 3
 In reviewing the sentence of a trial court on appeal, this Court must decide whether that sentence is unreasonable, while giving due regard for the opportunity of the trial court to judge the credibility of the witnesses, accepting the trial court's findings of fact unless clearly erroneous, and giving due deference to the trial court's application of the facts to the guidelines. 18 U.S.C. Sec. 3742(e).
 
 
 4
 This court has adopted a two-part test for determining whether a sentence should be based on a departure from the guidelines. See United States v. Summers, 893 F.2d 63, 66 (4th Cir.1990). The first part requires the sentencing court to engage in fact-finding, determining whether there is evidence to support any particular aggravating or mitigating circumstances not adequately accounted for in the guidelines. Summers, 893 F.2d at 66. See 18 U.S.C. Sec. 3553(b). The second part requires the sentencing court to determine whether the particular circumstance is sufficiently important to warrant departure. Id. This court, upon review, looks both at the reasonableness of departure and the reasonableness of the extent of departure. Id. See 18 U.S.C. Sec. 3742(f)(2).
 
 
 5
 Smith assigns error to the information the trial judge considered at sentencing. In the presentence report, the probation officer included fourteen allegations, which the sentencing court characterized as "matters which have not resulted in convictions, in which may or may not result in convictions, but the Court is satisfied that there is sufficient evidence to support the consideration for them." Ap. Vol. I, p. 35. Smith points to U.S.S.G. Sec. 4A1.3, which allows the sentencing court to depart upward from the guidelines where the court, "after a review of all the relevant information, conclude[s] that the defendant's criminal history was significantly more serious than that of most defendants in the same criminal history category," but cautions that "a prior arrest record itself shall not be considered under Sec. 4A1.3." U.S.S.G. Sec. 4A1.3.
 
 
 6
 We find that the sentencing judge did not abuse his discretion in considering the allegations found in the presentence report. This was no "mere arrest record." Rather, the probation officer discovered these facts in his investigation. The trial judge found on the record that there was sufficient evidence to consider them. Where the court adopts the presentence report as its own findings of fact, we must accept them unless clearly erroneous. United States v. Terry, 916 F.2d 157, 160 (4th Cir.1990). Title 18 U.S.C. Sec. 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." This language is echoed by the sentencing guidelines, which provide that "any information" may be considered by the court when imposing sentence. U.S.S.G. Sec. 1B1.4. We find that the information contained in the presentence report went beyond a "mere arrest record" and that the sentencing judge was not clearly erroneous in adopting the information contained in the report as his findings of fact. Therefore we find that the sentencing court satisfied the first part of the Summers test.
 
 
 7
 The information contained in the presentence report upon which the judge relied shows Smith's disturbing history of violence and drug use. The sentencing judge found that the court could not ignore such an accumulation of serious charges, and based on these charges the criminal history category did not reflect the seriousness of Smith's background and activities. Based on that, the judge increased the guidelines to a criminal history category three. The court further stated that while it believed category three was inadequate, it chose to depart upward only one level.
 
 
 8
 We find that the court satisfied the second part of the Summers test. The court considered the facts as adopted and compared them to the guidelines. This Court, giving due deference to the sentencing court's application of the facts to the guidelines, cannot say that the sentencing court acted unreasonably in deciding that Smith's criminal history category did not adequately reflect his background.
 
 
 9
 Although presented with the opportunity, Smith did not make any showing that the information contained in the report was unreliable, untrue or inaccurate. Smith was presented with ample opportunity to rebut or explain the facts contained in the presentence report. See App. 17 and 19. We have held that a sentencing court may properly consider even uncorroborated hearsay that the defendant has had an opportunity to rebut or explain. United States v. Falesbork, 5 F.3d 715, 722 (4th Cir.1993); United States v. Terry, 916 F.2d 157, 161 (4th Cir.1990). The information contained in this presentence report is no less reliable than that considered by the Falesbork or Terry courts. Thus, we hold that the trial court acted properly in considering the facts contained in the presentence report when deciding Smith's sentence.
 
 AFFIRMED