51 F.3d 269
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eduardo TORRES, Jr., a/k/a Lollo, Defendant-Appellant.
 No. 94-5711.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1995.
Decided April 6, 1995.
 
 Charles Y. Sipe, ST. JOHN, BOWLING & LAWRENCE, Charlottesville, VA, for appellant. Robert P. Crouch, Jr., United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roanoke, VA, for appellee.
 Before RUSSELL and WILLIAMS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Eduardo Torres, Jr., entered a guilty plea to conspiracy to possess with intent to distribute and to distribute marijuana, 21 U.S.C.A. Sec. 846 (West Supp.1994), and was sentenced to a term of 97 months. He appeals his sentence, contending that the district court erred in calculating his criminal history, United States Sentencing Commission, Guidelines Manual, Secs. 4A1.1, 4A1.2 (Nov.1993), and in imposing a $1000 fine. We affirm.
 
 
 2
 Between 1990 and 1992, Torres sold hundreds of pounds of marijuana to co-defendants who transported the marijuana from Texas to western Virginia. Following his guilty plea, Torres objected to the probation officer's assessment of three criminal history points for his only prior sentence, which resulted from a conviction for the sale of a kilogram of cocaine to a cocaine dealer with no apparent connection to the marijuana conspiracy. Torres claimed in his written objection that no points should be added because the cocaine conviction was related to the marijuana conspiracy, citing Application Note 3 to guideline section 4A1.2. The commentary directs that prior sentences in related cases should be treated as one in the criminal history calculation. The district court properly overruled the objection.
 
 
 3
 On appeal, Torres asserts that no criminal history points were due because the cocaine conviction and sentence were for conduct which was part of the instant offense. See USSG Sec. 4A1.2(a)(1). Assuming that this is the argument he attempted to make in the district court, we find no error in the criminal history calculation. Although the cocaine sale took place while the marijuana conspiracy was ongoing, information in the presentence report disclosed that the sale was made to a cocaine dealer from Maryland, while all Torres' marijuana customers were from western Virginia. He presented no evidence on which the district court could have found that the cocaine offense was part of the instant offense. He had the burden of making such a showing. United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990).
 
 
 4
 Torres also contends that the district court erred in imposing a $1000 fine when he lacks the ability to pay a fine. USSG Sec. 5E1.2(a) (fine should be imposed unless defendant unable to pay). Information in the presentence report showed that Torres had assets of $57,800. The probation officer recommended that Torres would be able to pay a fine by liquidating some of his assets or from prison earnings. The district court decided that Torres did not have the ability to pay a fine within the guideline range of $20,000 to $2 million, but could pay a fine of $1000. We find that the court complied with the guideline in imposing the fine.
 
 
 5
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.