72 F.3d 128
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES Of AMERICA, Plaintiff-Appellee,
v.
Richard Thomas HAYES, a/k/a Mickey Hayes, Defendant-Appellant.
 No. 94-5514.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1995.
Decided Dec. 11, 1995.
 
 Jack B. Crawley, Jr., Raleigh, North Carolina, for Appellant.
 Janice McKenzie Cole, United States Attorney, William Arthur Webb, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Thomas Hayes entered a plea of guilty to conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base, 21 U.S.C. Sec. 846 (1988), and was sentenced to a term of 300 months imprisonment. Hayes appeals his sentence on the grounds that the district court improperly denied his motion for a mental competency examination, failed to properly determine the amount of drugs attributable to him, and failed to reduce his offense level for acceptance of responsibility and "minimal" participation. We affirm.
 
 
 2
 At the sentencing hearing, defense counsel moved for a mental examination of Hayes pursuant to 18 U.S.C. Sec. 4241 (1988). Counsel stated that he had difficulty communicating with Hayes and had come to believe that Hayes did not understand the proceedings. Counsel further contended that Hayes had to be hospitalized with an elevated heart rate.
 
 
 3
 The district court held a hearing on the request for a psychological examination. At the hearing, Special Agent Chris E. Jackson testified to the circumstances surrounding Hayes's arrest. The court addressed Hayes, who stated that his co-conspirators were lying and that the presentence report ("PSR") contained untruths. The court denied the request for an examination.
 
 
 4
 Pursuant to Sec. 4241(b), a psychiatric or psychological examination "may" be ordered by the court before a competency hearing pursuant to Sec. 4241(a). The determination of whether to order a psychiatric examination on the issue of competency is a matter left to the discretion of the trial court. See United States v. West, 877 F.2d 281, 285 n. 1 (4th Cir.), cert. denied, 493 U.S. 959 (1989); Hall v. United States, 410 F.2d 653, 657 (4th Cir.), cert. denied, 396 U.S. 970 (1969). A review of the transcript of the hearing reveals no abuse of discretion in denying an evaluation.
 
 
 5
 Even on appeal, Hayes argues only that he was entitled to a mental examination. He does not make any showing that the district court's finding of competency was erroneous. Because Hayes has not presented facts giving rise to "reasonable cause" to doubt his mental competence, United States v. Mason, 52 F.3d 1286, 1293 (4th Cir.1995), he cannot successfully challenge the district court's finding of competency. Therefore, he fails to show that he was disadvantaged in any way by the court's discretionary decision not to order a mental examination.
 
 
 6
 Hayes next argues that the district court erred in determining the amount of drugs attributable to him. The probation officer recommended that Hayes be held responsible for 3.2 kilograms of crack cocaine and two kilograms of powder cocaine. Although in his objections and in his testimony at the competency hearing Hayes sought to discredit his co-conspirators, deny any involvement with crack cocaine, and limit the time period during which he participated in the conspiracy, he did not address in any way the fact that he pled guilty to conspiracy to distribute and to possess with intent to distribute crack cocaine from June 1990 until October 1993. Nor did Hayes discredit the testimony of Agent Jackson that Hayes admitted involvement in the distribution of crack cocaine. In addition, Hayes could not explain the four Express Mail packages of crack cocaine that were addressed to him. Further, Hayes did not testify at the sentencing hearing and offered no evidence to support his contentions. Therefore, Hayes did not meet his burden of showing that disputed information in the PSR was unreliable or inaccurate, and the district court therefore was free to rely on the recommended findings. United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990).
 
 
 7
 Hayes also contends that the district court should have granted him an adjustment for acceptance of responsibility. However, although Hayes pled guilty to conspiracy to distribute and to possess with intent to distribute crack cocaine, Hayes continued to deny his involvement with crack cocaine at his sentencing hearing. Because Hayes did not accept responsibility for the count to which he pled guilty, the district court did not clearly err in denying Hayes the reduction for acceptance of responsibility. United States v. Gordon, 895 F.2d 932, 936-37 (4th Cir.), cert. denied, 498 U.S. 846 (1990).
 
 
 8
 Finally, Hayes claims that, because he was only a "street-level dealer," he was entitled to a reduction in his offense level for being a "minimal" participant. The determination of whether a defendant was a minimal participant is reviewed under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989). Hayes offered no evidence at the sentencing hearing. Since street-level drug dealing does not necessarily warrant the sentencing classification of "minimal participant," the district court's determination that Hayes was not a minimal participant is not clearly erroneous.
 
 
 9
 Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.