UNITED STATES of America, Plaintiff–Appellee,

v.

Leon Wilbur TERRY, Defendant–Appellant.

No. 90–5003.

United States Court of Appeals, Fourth Circuit.

Argued July 17, 1990.

Decided Oct. 16, 1990.

---

Denise Benvenga, argued (Fred Warren Bennett, Federal Public Defender, Joseph A. Balter, Asst. Federal Public Defender, Baltimore, Md., on brief), for defendant-appellant.

Jamie Bennett, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty., Dale P. Kel-

berman, Asst. U.S. Atty., Baltimore, Md., on brief), for plaintiff-appellee.

Before CHAPMAN and WILKINSON, Circuit Judges, and ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.

GEORGE ROSS ANDERSON, Jr., District Judge:

Appellant Leon Wilbur Terry appeals his sentencing under the Sentencing Guidelines, claiming the sentencing judge erroneously increased the sentence from 18 months to 21 months imprisonment. We affirm.

Appellant was indicted by a grand jury on five counts of wire fraud pursuant to 18 U.S.C. §§ 1343, 2. He then pled guilty to count four of the indictment October 12, 1989, as part of a plea bargain agreement. After a presentence investigation and report conducted by the U.S. Probation Officer, the court heard arguments from counsel and sentenced appellant December 18, 1989, to serve 21 months imprisonment. Appellant was sentenced under the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551 *et seq.*, and the Sentencing Guidelines promulgated by the United States Sentencing Commission.

The underlying facts of the offense are not in dispute. From the spring of 1985 until his arrest in May of 1989, appellant engaged in an "advance fee" scheme which bilked 58 victims of $179,085. Appellant would advertise loan arrangement services in publications with national circulation. He would offer to arrange financing for venture capitalists and businesses for a fee, paid up-front. This fee was paid to appellant as part of the financing agreement. No loans were ever arranged and appellant never repaid any of the up-front money though he promised to do so if no financing became available.

Although two issues were raised by the appeal, appellant admits that the sentencing court did not depart upward from the Guidelines on the offense level. The remaining issue is whether the court erroneously departed from the Guidelines on the criminal history category.

█ In reviewing the sentence of the trial court on appeal, this court shall determine the validity of the sentence imposed.[1] In making this determination:

> The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.

18 U.S.C. § 3742(e). This court has established a two-prong test for sentences based on a departure from the Guidelines. *United States v. Summers*, 893 F.2d 63, 66 (4th Cir.1990). The first part requires a determination of whether a particular aggravating or mitigating circumstance was not adequately accounted for by the Guidelines. 18 U.S.C. § 3553(b). The first prong of the departure test requires the court to "engage in a fact-finding mission to determine if the circumstance is supported by facts in the particular case...." *Summers*, 893 F.2d at 66. The second prong of the test is for the court to determine whether the particular circumstance is sufficiently important to justify a departure and a sentence different from the Guidelines sentence "should result." *Id.*

█ The appellate court reviews the reasonableness of the departure as well as the reasonableness of the extent of the depar-

1. Title 18 U.S.C. § 3742(e) states:
 Upon review of the record, the court of appeals shall determine whether the sentence—
 (1) was imposed in violation of the law;
 (2) was imposed as a result of an incorrect application of the sentencing guidelines;
 (3) is outside the applicable guideline range, and is unreasonable, having regard for—

 (A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title [18 U.S.C. §§ 3551 *et seq.*]; and
 (B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or
 (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

ture. *Id.* The court finds the departure in appellant's case was reasonable as well as the extent of the departure.[2]

Appellant does not dispute the sentencing court's authority to depart from the Sentencing Guidelines. *See* 18 U.S.C. § 3553(b); United States Sentencing Commission, *Guidelines Manual*, Ch. 1, Part A, 4.(b); § 2F1.1 *Application Note 9.;* U.S.S.G. § 5K2.0; U.S.S.G. § 4A1.3. Appellant only disputes the reliability and sufficiency of the information which led the sentencing judge to depart upward from the Sentencing Guidelines.

The probation officer correctly determined the base offense level to be 12 and the criminal history category to be II which resulted in a Guidelines sentencing range of 12 to 18 months imprisonment. After argument from counsel the judge sentenced appellant to 21 months imprisonment after increasing the criminal history category to category III. The district judge stated his reasons for the upward departure on the record. He adopted all of the findings and proposed findings of the presentence report.

In adopting the findings and proposed findings of the presentence report prepared by the U.S. probation officer, the sentencing judge found information in the report to be reliable. (Joint Appendix [JA] at 41–42.) The reasons for departure from the Guidelines, stated on the record by the judge, are based almost entirely on information found in the presentence report. The presentence report recommended a departure from the Guidelines because the Guidelines did not adequately represent the harmfulness or seriousness of appellant's conduct, and because the Guidelines did not adequately address the extensive planning required for the crime or the long-term duration of the illicit operation. The judge did not base his departure on either of these grounds but chose to depart from the Guidelines by increasing the criminal histo-

ry category as recommended by the government in its separate sentencing memorandum.

■■■■ The court did not abuse its discretion in relying on the information in the presentence report. In *United States v. Murillo*, 902 F.2d 1169, 1172 (5th Cir.1990), the district judge relied solely upon the presentence report of the U.S. probation officer in setting the defendant's sentence. The sentencing judge must articulate reasonable and acceptable reasons justifying an upward departure from the guidelines. *Id.* at 1172. Unless the findings of fact are clearly erroneous, the reviewing court must accept them. *Id.* at 1173. The Fifth Circuit Court of Appeals found the sentencing judge did not abuse his discretion in relying only on the presentence report for reasons to depart from the Guidelines. We find this reasoning persuasive. Additionally, "the [presentence report] forms the factual basis for the judge's sentencing determination." *United States v. Mueller*, 902 F.2d 336, 346 (5th Cir.1990).

■■ Section 3661 of Title 18 of the United States Code provides:

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

This language is echoed by the Sentencing Guidelines, which further states that "any information" may be considered by the court when imposing sentence. U.S.S.G. § 1B1.4. The commentary to this section makes it clear that information not considered in setting the Guidelines' sentencing range may be used by the court in making its determination.

■■ United States courts have a long history of using reliable hearsay for sen-

---

**2.** *Summers*, 893 F.2d at 67, states:
The standard of reasonableness on appeal is also applied when reviewing the issue of whether there is sufficient evidence to support a finding that a circumstance on which a departure is based actually exists in the partic-

ular case. Here, since the district court is engaged in fact-finding, the appellate court should be more deferential, using a standard of review approximating the clearly erroneous one.

tencing. "[T]he trial court may properly consider uncorroborated hearsay evidence that the defendant has had an opportunity to rebut or explain. *United States v. Papajohn,* 701 F.2d [760] at 763 [8th Cir. 1983]." *United States v. Shepherd,* 739 F.2d 510, 515 (10th Cir.1984). "[T]here is no abuse of discretion ... admitting hearsay evidence ... at hearing on sentence." *United States v. Garcia,* 725 F.2d 52 (6th Cir.1984) (citing *Williams v. New York,* 337 U.S. 241, 244, 69 S.Ct. 1079, 1081, 93 L.Ed. 1337 *reh'g denied,* 337 U.S. 961, 69 S.Ct. 1529, 93 L.Ed. 1760, 338 U.S. 841, 70 S.Ct. 34, 94 L.Ed. 514 (1949)); *United States v. Byrd,* 898 F.2d 450, 453 (5th Cir. 1990).

The presentence report revealed that appellant had been convicted of one criminal charge in 1987 and had been arrested three times on bad check charges between 1979 and 1988. He also was arrested for assault and robbery in 1973, theft and deadly weapon charges in 1987, and theft charges in 1988. Other than the one conviction, all the other arrests were either moved to the inactive docket, dismissed, nol prossed, or he was not charged. Between 1983–1984, the State's Attorney's Office required appellant to refund money to his customers as a result of his business practices. Instead of complying, appellant moved his office, changed his telephone number and began operating under another name. The sentencing judge found the breached agreement with the State's Attorney's Office to be information upon which he could "reasonably rely." (JA at 41). In addition to this, appellant did not pay the Internal Revenue Service taxes for the years 1985–1988. This satisfies the first prong of this Circuit's test in that these aggravating factors were not adequately considered by the Guidelines.

While stating his reasons for an upward departure, the judge said he had questions about the unprosecuted arrests of appellant, his failure to pay income taxes for the years in question, and his breached agreement with the Maryland State's Attorney's Office.[3] The judge found the unprosecuted offenses were of similar misconduct to the admitted offense and warranted an upward departure in the criminal history category from category II to category III. (JA at 41–43). *See United States v. Montenegro-Rojo,* 908 F.2d 425, 428–30 (9th Cir.1990) (departure warranted for blameworthy conduct). The judge also wanted to increase the offense level from level 12 to level 14, but refrained from doing so, respecting the plea bargaining agreement.

■ Procedural safeguards also prevent the inadvertent use of unreliable information for sentencings. Federal Rule of Criminal Procedure 32(c)(3) requires the disclosure of any presentence investigation to the defendant at least 10 days before sentence is imposed. Section 3552 of Title 18, United States Code, requires the United States probation officer to make a presentence investigation of the defendant prior to sentencing and report the findings to the court. The court is obligated to disclose the report to defense counsel, defendant and government attorney at least 10 days prior to the date set for sentencing. 18 U.S.C. § 3553(d). The defendant cannot waive preparation of the presentence report. U.S.S.G. § 6A1.1. Additionally, the Guidelines urge the district courts to adopt procedures which will result in a resolution or narrowing of issues in dispute in the presentence report. U.S.S.G. § 6A1.2. District courts typically require objections

---

3. Judge Motz stated:
 I adopt all of the findings, and the proposed findings, as set forth in the Pre-sentence report. And I also believe that a one point increase in criminal history category is warranted. I have questions about stets [inactive criminal charges docket], arrest records. I have questions about the information from the I.R.S., although I think that tends to be more reliable about no filings of tax returns. But I think here that the agreement that was reached with the State's attorney's office is certainly something upon which I can reasonably rely.

 \* \* \* \* \* \*

 [A]nd nothing has come forward today which would indicate that I cannot rely upon that, and I think that's the kind of similar misconduct in the past which—which I can rely upon in making a departure....
 Statement of Judge J. Frederick Motz, JA at 41.

to the presentence report to be filed in writing before the sentencing hearing. If this is overlooked for any reason, the defendant has a last opportunity to present oral objections to the report during the sentencing hearing itself. U.S.S.G. § 6A1.3. This section of the Guidelines further provides that "The court shall resolve disputed sentencing factors in accordance with Rule 32(a)(1), Fed.R.Crim.P. (effective Nov. 1, 1987), notify the parties of its tentative findings and provide a reasonable opportunity for the submission of oral or written objections before imposition of sentence." U.S.S.G. § 6A1.3(b). *See United States v. Anders*, 899 F.2d 570, 576 (6th Cir.1990) (defendant is guaranteed opportunity to comment on probation officer's findings). This does not mean the court must give the defendant notice of the actual sentence contemplated before hearing arguments from counsel on the disputed factors in the presentence report. *Id.* at 577.

■■■ A mere objection to the finding in the presentence report is not sufficient. The defendant has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate. *See Mueller*, 902 F.2d at 346 (defendant presented no evidence in rebuttal to presentence report). Without an affirmative showing the information is inaccurate, the court is "free to adopt the findings of the [presentence report] without more specific inquiry or explanation." *Id.* at 346. The burden is on the defendant to show the inaccuracy or unreliability of the presentence report. *Id.* at 347. *See United States v. Tracey*, 675 F.2d 433 (1st Cir. 1982). In the present case, appellant merely claimed the information concerning his breached agreement with the Maryland State's Attorney's office was unreliable. He never claimed it was inaccurate or untrue. *Id.* at 441 (defendant claimed information was unreliable, but, did not deny its truthfulness); *Anders*, 899 F.2d at 577 (defendant did not dispute factors warranting upward departure in presentence report). Appellant also submitted written objections

to the presentence report before the sentencing hearing and his counsel raised objections during the sentencing hearing itself. The government had given appellant written notice of its recommendation to the court for a departure based on the inadequacy of the criminal history category prior to the sentencing hearing. Again, appellant submitted a written response to the government's recommendation and argued the point during the sentencing hearing.

■■■ The sentencing judge found the past similar criminal conduct to be sufficiently important to warrant a departure. This court will accord the sentencing judge's discretion great deference in this determination. *Summers*, 893 F.2d at 67. This was a reasonable determination.

If the court finds "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct ... the court may consider a [sentencing departure]." U.S.S.G. § 4A1.3. This section of the Guidelines then lists a number of non-inclusive examples of conduct which a court may consider. Specifically, the court may consider "prior similar adult criminal conduct not resulting in a criminal conviction." U.S.S.G. § 4A1.3(e). The trial court properly found a similarity in passing bad checks, theft, and a breached restitution agreement with the State's Attorney's Office with defrauding people in his "advance fee" scheme. Because of this similar conduct, which is not adequately accounted for in the criminal history calculation, the sentencing judge looked to criminal history category III for the appropriate sentencing range. The policy statement of U.S.S.G. § 4A1.3 states "a prior arrest record itself shall not be considered under § 4A1.3." In context with the rest of the policy statement, it is evident that arrest records, by themselves, shall not be considered in determining the adequacy of the defendant's criminal history category. However, in conjunction with the other information gathered about appellant's past criminal conduct, the court apparently did not base its departure solely on the arrest record but in fact found the information from the State's Attorney's Office to be particularly reliable.

This court finds the fact-finding of the sentencing judge to be reasonable in these circumstances.

■ In computing the appellant's criminal history category, the probation officer found the total number of points to be 3.[4] This is the top end of criminal history category II. If appellant's point total was 4, 5 or 6, he would have been sentenced in criminal history category III. Since the sentencing judge found the Guidelines did not adequately reflect appellant's criminal history he followed the Guidelines for category III, in effect adding one point to appellant's criminal history category score. We find this to be a reasonable departure.

The sentencing judge properly found the aggravating circumstances of appellant's past criminal conduct was not adequately accounted for by the Guidelines and this was sufficiently important to justify a departure from the Guidelines. Therefore the sentence imposed by the lower court is affirmed.

AFFIRMED.

---

4. The probation officer calculated the criminal history category as follows: one point was assessed for Terry's February 7, 1987, conviction. He was sentenced to probation after pleading guilty to forgery, possession of a deadly weapon, possession of marijuana and possession of cocaine. Two points were assessed for committing the "advance fee scheme" while he was on active probation. Thus, the total is three points, which falls in criminal history category II.