1 F.3d 1235
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Simpson SIMON, Defendant-Appellant.
 No. 92-5700.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1993.
Decided: August 2, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Richard C. Erwin, Senior District Judge. (CR-91-156-S)
 Susan Hayes, Greensboro, North Carolina; Anne R. Littlejohn, Greensboro, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Simpson Simon appeals the sentence he received after he was convicted by a jury of conspiracy to possess with intent to distribute and to distribute cocaine, 21 U.S.C.A. Sec. 846 (West Supp. 1993), of conspiracy to launder money, 18 U.S.C. Sec. 371 (1988), and of money laundering, 18 U.S.C.A. Sec. 1956(a)(1)(B)(i) (West Supp. 1993). We affirm.
 
 
 2
 The indictment initially charged conspiracy to deal in both cocaine powder and crack cocaine. During the trial, at the district court's insistence that it select either cocaine powder or crack cocaine, the government elected to prove a conspiracy involving cocaine. The evidence at trial showed that Simon and co-defendant Albert Pointdujour began bringing cocaine powder from New York to Thomasville, North Carolina, in late 1989 and continued doing so until the summer of 1990, when they began to obtain cocaine through Napoleon Donat, Pointdujour's cousin in Miami. Two to three ounces of each shipment they obtained during this period was cooked into crack cocaine for sale. In August 1990, both Simon and Pointdujour left North Carolina. Simon later resumed sales of drugs in North Carolina; Pointdujour began a new drug operation in South Carolina under an alias. The calculation of Simon's base offense level was based, without objection, on the amounts of crack proved at his sentencing.
 
 
 3
 On appeal, Simon contends for the first time that the district court erred in considering the amounts of crack cocaine for sentencing purposes when crack was not charged in the indictment. Because in sentencing the defendant the district court is required to take into account all acts which occurred during the commission of the offense, United States Sentencing Commission, Guidelines Manual, Sec. 1B1.3(a)(1)
 
 
 4
 (Nov. 1991), and the conversion of cocaine powder to crack was part of the offense, we find no plain error.*
 
 
 5
 Simon also argues that the district court clearly erred in attributing to him three packages of cocaine which were sent by Donat via Federal Express to Debra Allen's address in Thomasville during the summer of 1990. Simon maintains that by the summer of 1990, he and Pointdujour had gone separate ways after a disagreement, and that as a result these deliveries were solely attributable to Pointdujour. Although the government had no direct evidence that Simon received cocaine from the Federal Express deliveries, it did present evidence during trial and at the sentencing hearing that Simon had used an alias to wire money to Donat in Miami ten times during the summer of 1990, and that, even after their falling out, both Pointdujour and Simon continued to sell cocaine in Thomasville through the mid August of 1990. When a Federal Express package containing cocaine was seized by authorities on August 15, both Simon and Pointdujour immediately left the state.
 
 
 6
 Drug amounts distributed by co-conspirators are attributable to the defendant if they are reasonably foreseeable to him. United States v. Campbell, 935 F.2d 39 (4th Cir.), cert. denied, 60 U.S.L.W. 3309 (U.S. 1991). On the record before us, which indicates that Simon had not withdrawn from the conspiracy in the summer of 1990, we must conclude that the district court did not err in attributing to Simon the packages sent by Donat to Thomasville during that summer. Simon failed to show that he had withdrawn from the conspiracy and that the cocaine sent by Donat to North Carolina had no connection to him, as was his burden. United States v. Terry, 916 F.2d 157 (4th Cir. 1990).
 
 
 7
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Issues raised for the first time on appeal are reviewed under a plain error standard. United States v. Olano, 61 U.S.L.W. 4421 (U.S. 1993)