73 F.3d 359
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Benjamin Shabazz PEAY, Defendant-Appellant.
 No. 93-5290.
 United States Court of Appeals, Fourth Circuit.
 Dec. 27, 1995.
Decided Dec. 27, 1995.
 
 ARGUED: Donald Ray Vaughan, Greensboro, North Carolina, for Appellant. David Bernard Smith, Assistant United States Attorney/ Senior Litigation Counsel/OCDETF Attorney, Greensboro, North Carolina, for Appellee. ON BRIEF: Susan Hayes, PFAFF, ELMORE & HAYES, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 Before WIDENER, HALL, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Benjamin Shabazz Peay was convicted in 1993 on six drug-related counts, including one count of engaging in a continuing criminal enterprise (CCE), in violation of 21 U.S.C. Sec. 848.[1] In this appeal, he contends that two of these convictions should be set aside because each is a predicate offense of the CCE. He also complains about how his offense level and criminal history were calculated under the Sentencing Guidelines. We conclude that our precedent requires that we set aside the conviction for conspiracy to distribute drugs. We find no other error, however, and we affirm the remainder of the judgment below.
 
 
 2
 * The relevant counts of conviction are (1) conspiracy to distribute crack cocaine from December, 1985, to January, 1990 (21 U.S.C. Sec. 846); (2) possession of crack on June 22, 1989, with the intent to distribute (21 U.S.C. Sec. 841(a)(1)); and (3) a CCE that involved the distribution of crack during a period conterminous with the charged conspiracy.[2] In the Presentence Report (PSR), the probation officer began with a base offense level of 38 for the CCE count. USSG Sec. 2D1.5 (Nov.1992). Two levels were added for obstruction of justice (USSG Sec. 3C1.1), yielding a total offense level of 40. A criminal history score of 3 put Peay in Category II, and the resulting sentencing range was 324-405 months.
 
 
 3
 The district court adopted the calculations in the PSR. Faced with the task of fashioning a sentence for the somewhat related offenses, the court first "merged" the conspiracy and CCE convictions and imposed a single 364-month term of imprisonment for the CCE. The court then imposed a single 240-month sentence on the "consolidated" distribution counts (2 and 3) and a 60-month sentence on the money laundering conviction, both of which were to be served concurrently to each other and to the CCE sentence.[3] Although it would have no effect on the actual term of imprisonment to which he is subject, Peay contends that the drug conspiracy and the substantive crack possession convictions should be vacated because they are predicate offenses of the CCE offense.
 
 
 4
 The government contends that the convictions for these predicate offenses may coexist with the CCE without offending the Double Jeopardy Clause. While the government agrees that double jeopardy principles prohibit any cumulative punishment for the conspiracy conviction, it argues that the sentencing court's merger of the conspiracy and CCE counts avoids this constitutional problem. We agree that the conviction and punishment for the substantive predicate offense can stand, but that the conspiracy conviction cannot. We turn first to the substantive predicate offense.
 
 
 5
 * Garrett v. United States, 471 U.S. 773 (1985), involved a substantive drug offense (importation of marijuana) that resulted in a conviction in federal court in Washington state, and a CCE conviction that resulted from a successive prosecution in federal court in Florida. Although the marijuana importation was a predicate offense of the later-tried CCE charge, the Florida CCE sentence was imposed consecutively to the Washington sentence. Based on its determination that Congress intended CCE to be a separate offense from predicate substantive offenses and that Congress also intended to permit cumulative sentences, the Court held that neither the successive prosecutions nor the cumulative punishments offended the Double Jeopardy Clause.
 
 
 6
 Peay's argument has less force than Garrett's. The crack possession conviction was consolidated with another conviction (Count 3), and, inasmuch as the sentence was imposed concurrently to the umbrella CCE sentence, his punishment for this predicate offense has not increased the CCE sentence one whit. Accordingly, Peay's conviction and sentence on Count 2 is affirmed.
 
 B
 
 7
 The ability of the CCE to coexist with a predicate conspiracy conviction and sentence is a different story. In Jeffers v. United States, 432 U.S. 137 (1977), a plurality of the Court concluded that Congress did not intend to permit cumulative punishments for convictions under the CCE statute and 21 U.S.C. Sec. 846, the drug conspiracy statute. Therefore, that portion of the punishment that exceeded the maximum permitted under the CCE statute was set aside.
 
 
 8
 Our practice in such cases has been to remand to the district court with directions to vacate the conspiracy conviction. See United States v. Johnson, 54 F.3d 1150, 1155 (4th Cir.1995); United States v. Reavis, 48 F.3d 763, 772-73 (4th Cir.1995); United States v. McManus, 23 F.3d 878, 884 (4th Cir.1994); United States v. Butler, 885 F.2d 195, 200-01 (4th Cir.1989). Accordingly, we remand with instructions to vacate the conviction on Count 1.
 
 II
 
 9
 Peay is now 46 years old. When he was 27, he was convicted in state court on two worthless check charges and one charge of defrauding an innkeeper. His criminal history score comprises one point for each of these convictions.[4] He now argues that evidence of these convictions was unreliable and that two of the offenses (and maybe all three) may have arisen out of the same incident, in which case the convictions should not be counted separately.[5] The defendant has the burden of establishing the invalidity or inaccuracy of prior convictions. United States v. Jones, 5 F.3d 715, 718-19 (4th Cir.1992), cert. denied, 113 S.Ct. 1335 (1993), and Peay's effort falls woefully short.
 
 
 10
 Peay was sentenced on each of the three prior convictions in the same state court, but on separate days over a span of two months in early 1977. "Related" cases are not counted separately in the computation of the criminal history: "[P]rior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." USSG Sec. 4A1.2, comment. (n.3). Other than the offenses charged and sentences imposed, the record contains no other evidence of the events leading up to these convictions.
 
 
 11
 In her response to Peay's objections to the PSR, the probation officer noted that state court clerk from whom she had received the information had relied on computer records and index cards in his (the clerk's) office to verify Peay's convictions because the original records were no longer in existence. In the following colloquy, the sentencing judge tried to get to the heart of Peay's objection:
 
 
 12
 THE COURT: You do not say that the index cards and the computerized cards don't show the convictions, you just say that you haven't examined the records which show those convictions?
 
 
 13
 DEFENSE COUNSEL: That's correct, your honor.
 
 
 14
 In his brief to this court, his argument remains the same.
 
 
 15
 Peay has never argued that he was not convicted of the 1977 charges. If Peay testified that he was not convicted of the charges, that he was not represented, or even that he does not remember whether he was convicted or represented, he might be able to force the government to produce better evidence of the convictions. But to say "I don't dispute the reports, I just want to see more evidence," is not enough to meet the defendant's burden.
 
 
 16
 A mere objection to the finding in the presentence report is not sufficient. The defendant has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate.
 
 
 17
 United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990). Peay's unsupported assertions of inaccuracy are unavailing.
 
 III
 
 18
 In the first trial, Judge Tilley added two offense levels for obstruction of justice based on Peay's threats to a witness and perjury. At sentencing after the second trial, Judge Osteen gave alternative bases for again adding the obstruction points: (1) he was bound by the first judge's finding of witness intimidation and perjury from the first trial, or (2) if not bound, (a) his own review of the record supported a finding that Peay did threaten a witness, and (b) from the court's observation of the defendant on the stand in the second trial, Peay lied about a material matter.
 
 
 19
 Peay contends that the successful appeal wiped the slate clean, so the court conducting the second sentencing cannot rely on anything that happened at or prior to the first trial to calculate his punishment. He cites no authority. However, we need not reach this issue in light of our holding with regard to Judge Osteen's independent finding of perjury.
 
 
 20
 A finding of either perjury or threatening the witness would be enough for the obstruction points. See USSG Sec. 3C1.1, comment. (n.3(a)). Judge Osteen determined that Peay perjured himself at the second trial with regard to testimony about a letter from one Dr. Adams, a piece of evidence that the court characterized as "material and important." Although this alleged instance of perjury was discussed at the second sentencing hearing, Peay makes no effort in his brief to this court to counter the factual basis of this specific finding of perjury. It is beyond dispute that Judge Osteen's finding in this regard was not clearly erroneous.
 
 
 21
 The case is remanded to the district court with directions to vacate the judgment of conviction on Count 1 (conspiracy). The remainder of the judgment is affirmed.
 
 
 22
 AFFIRMED IN PART AND REMANDED.
 
 
 
 [1]
 Peay had been convicted on seven counts in 1991. On appeal, the conviction on one count was reversed on the basis of insufficient evidence, and the convictions on the other six counts were vacated. United States v. Peay, 972 F.2d 71 (4th Cir.1992). His retrial on these six counts led to this appeal
 
 
 [2]
 Peay was also convicted of possession of heroin with intent to distribute (count 3), in violation of 21 U.S.C. Sec. 846(a)(1); money laundering (count 6), in violation of 18 U.S.C. Sec. 1956(a)(1)(A); and use of a firearm in relation to a drug trafficking crime (count 4), in violation of 18 U.S.C. Sec. 924(c)(1)
 
 
 [3]
 The firearm conviction, which drew a statutorily mandated 60-month sentence that is to be served consecutively to the CCE sentence, is not involved in this appeal
 
 
 [4]
 Under USSG Sec. 4A1.2(e), any sentence imposed within ten years of the commencement of the instant offense is counted. The CCE began in January, 1986
 
 
 [5]
 The deduction of two points from his criminal history score would reduce his criminal history category to I, which would in turn reduce the sentencing range for the umbrella CCE offense from 324-405 months to 292-365 months