**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4685

ROBERT MCDONALD PARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-95-86)

Submitted: May 1, 1997

Decided: May 13, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald Nash Patten, Frank G. Queen, BROWN, QUEEN & PAT-
TEN, P.A., Waynesville, North Carolina, for Appellant. Mark T. Cal-
loway, United States Attorney, Thomas R. Ascik, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert McDonald Parris was convicted of conspiracy to commit mail fraud, 18 U.S.C. § 1341 (1994), and was sentenced to fifteen months imprisonment. He appeals this sentence, alleging that the district court erred in adding two points to his criminal history score for an offense committed while under a sentence of probation. See United States Sentencing Commission, Guidelines Manual , § 4A1.1(d) (Nov. 1995). We affirm.

On June 26, 1995, Parris was paid $200 to take possession of a Cadillac from Barbara Collins and her daughter, Tracy Rogers. Parris then delivered the car to Rick Sutton, who was to dispose of it. Unknown to Parris, Sutton was working as a confidential witness for the Federal Bureau of Investigation. Sutton paid Parris $500.

On June 27, 1995, Collins reported to police that the car had been stolen. The next day, June 28, Parris called Sutton to tell him that Collins had reported the car as stolen. Near the end of July, Collins submitted an insurance claim for the car. Parris was arrested on July 31, 1995.

Parris' presentence report disclosed that he received a sentence of twelve months unsupervised probation on March 8, 1995, and a two-year sentence of unsupervised probation on June 28, 1995. On the basis of the probationary term imposed on June 28, two criminal history points were added to his score. See USSG § 4A1.1, comment. (n.4) (two points added if defendant committed any part of the instant offense, i.e., any relevant conduct, while under a criminal justice sentence, including probation). For reasons not made clear in the materials presented on appeal, the term of unsupervised probation imposed on March 8, 1995, was not taken into account by the probation officer or the district court.

2

Parris challenged the two criminal history points at sentencing, arguing that his part in the conspiracy did not continue past June 26. The district court overruled his objection and found that Parris made a telephone call in furtherance of the conspiracy on June 28, while he was under the probationary sentence. Parris did not deny making the call.

We conclude that the two criminal history points were correctly awarded. Parris had the burden of correcting any factual errors in the presentence report, such as the fact or the timing of his telephone call to Sutton. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Moreover, the two points could have been given for the probationary sentence imposed on March 8, 1995, well before Parris became involved in the mail fraud.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3