**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4274

GEORGE JENKINS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4319

COREY SEAN HOOD,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., District Judge.
(CR-96-15)

Submitted: April 28, 1998

Decided: May 21, 1998

Before LUTTIG and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jack B. Swerling, Columbia, South Carolina; J. Dennis Bolt, Columbia, South Carolina, for Appellants. J. Rene Josey, United States Attorney, Marshall Prince, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Corey Sean Hood and George Jenkins were named, along with thirty-four others, in a twenty-two count indictment following an investigation into the illegal drug activities of co-defendant Robert Coleman. Hood sold 2.11 grams of crack cocaine to a confidential informant during a controlled drug buy. He then pled guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994). The district court found Hood accountable for one ounce (approximately twenty-eight grams) of crack cocaine, and sentenced him to serve ninety-five months' imprisonment to be followed by three years of supervised release.

Coleman informed authorities that Jenkins delivered cocaine to him on several occasions on behalf of co-defendant Leroy Gardner, Jenkins' cousin. Jenkins pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 846 (1994). The district court held Jenkins accountable for at least five but less than fifteen kilograms of cocaine and sentenced him to seventy months' imprisonment to be followed by a five-year supervised release term.[1] Hood and Jenkins now appeal their sentences. Finding no error, we affirm.

_____

[1] Jenkins' seventy-month sentence, a substantial departure from the ten-year statutory minimum, arose from the district court's employment of the Sentencing Guidelines' "safety-valve" provisions. See U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(4), 5C1.2 (1995).

2

Both Appellants allege that the district court erred in its determination of the quantity of drugs for which they were held accountable and in overruling their objections to passages of their presentence reports that set forth those amounts. We disagree.

For sentencing purposes, the district court's factual determination concerning the amount of drugs attributable to Appellants should be upheld absent clear error.[2] The government must establish by a preponderance of the evidence the quantity of drugs but Appellants bear the burden of showing the inaccuracies of drug amounts in the presentence report.[3] A mere objection to the finding in the presentence report is insufficient. Rather, Appellants have an affirmative duty to show that the information in the reports is unreliable and articulate the reasons why its facts are untrue or inaccurate. [4] Without such an affirmative showing, the district court is "`free to adopt the findings of the [presentence report] without more specific inquiry or explanation.'"[5]

Hood questions the confidential witness's estimate of the weight of drugs that he observed in Hood's apartment. The witness testified that when he bought the 2.11 grams of crack cocaine, Hood had broken that portion off from one of the four to five other "rocks" that were on the table. The witness estimated that the rocks weighed approximately one ounce, but admitted during cross-examination that they could have weighed less. Hood contends that his presentence report is inaccurate because it does not coincide with the witness's testimony that the drugs could have weighed less than an ounce.

Since the additional drugs that the confidential witness observed were not recovered and because the 2.11 grams of crack cocaine sold to the witness did not reflect the scale of Hood's involvement in the distribution of crack cocaine, the district court properly estimated the

_____

[2] **See United States v. Lamarr**, 75 F.3d 964, 972 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3309 (U.S. Oct. 21, 1996) (No. 95-9398); United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994).
[3] **See United States v. Terry**, 916 F.2d 157, 162 (4th Cir. 1990).
[4] **Id.**
[5] **Id.** (quoting United States v. Mueller, 902 F.2d 336, 346 (5th Cir. 1990)).

3

amount of drugs attributable to Hood.**6** Here, the district court acknowledged the inconsistencies in the witness's testimony and concluded that the witness was doing his best to give an honest estimate of the amount of drugs he saw in Hood's apartment. Moreover, the district court's assessment of the witness's credibility is not subject to review.**7** Therefore, since the district court's weight determination for the unrecovered drugs is supported by a preponderance of the evidence, it was not clearly erroneous.**8**

Jenkins' drug quantity challenge is based on the district court's reliance on the testimony of one witness over another. Before the grand jury, Coleman testified that Jenkins delivered between one to two kilograms of cocaine every seven to ten days. Coleman estimated that Jenkins delivered approximately fifteen to twenty kilograms of cocaine over a six to seven month period. During sentencing, Jenkins admitted to making three nine-ounce deliveries to Coleman, for a total of twenty-seven ounces.**9**

In conspiracy cases, the district court looks to "the quantity of [drugs] reasonably foreseeable to each coconspirator within the scope of the agreement."**10** Determinations regarding reasonable foreseeability are reviewed for clear error.**11** As with Hood, Jenkins' drug quantity challenge involves the issues of witness credibility and unrecovered drugs. Therefore, since the district court's estimate of the amount of drugs for which Jenkins should be held accountable is supported by the evidence, we find it was not clearly erroneous.

Next, Hood challenges the district court's denial of a sentence

---

**6** **See United States v. Kennedy**, 32 F.3d 876, 887 (4th Cir. 1994).
**7** **See United States v. Saunders** , 886 F.2d 56, 60 (4th Cir. 1989).

**8** **See United States v. Williams** , 986 F.2d 86, 90 (4th Cir. 1993).
**9** Jenkins and Gardner both testified before the grand jury that Jenkins only delivered twenty-seven ounces of cocaine to Coleman.
**10** **United States v. Irvin**, 2 F.3d 72, 78 (4th Cir. 1993); see also USSG § 1B1.3(a)(1)(B) ("all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" are taken into account when determining relevant conduct under the Guidelines).
**11** **See United States v. Banks**, 10 F.3d 1044, 1057 (4th Cir. 1993).

4

reduction for acceptance of responsibility. To earn a reduction under USSG § 3E1.1 for acceptance of responsibility, a defendant must affirmatively show acceptance of personal responsibility for all his criminal conduct, not just for the counts of conviction to which he pled guilty.[12] This includes"any additional relevant conduct for which the defendant is accountable under § 1B1.3."[13] The defendant must demonstrate that he is entitled to the adjustment by a preponderance of the evidence.[14]

During sentencing, Hood flatly denied the existence of the additional drugs that formed the basis of his relevant conduct. Since such behavior is inconsistent with acceptance of responsibility, the district court's refusal to apply the acceptance of responsibility sentencing reduction was not clearly erroneous.[15]

In Hood's final claim, he asserts that the Government failed to prove that the drugs that formed the basis of his relevant conduct was actually crack cocaine. We find this claim meritless. Hood did not present any evidence at sentencing that the substance involved was anything other than crack cocaine. He pled guilty to possession with intent to distribute crack cocaine and admitted that he sold crack cocaine to the confidential witness. Further, since the amount that Hood admits selling to the confidential witness had been broken off one of the rocks on the table in his apartment, we find that the Government proved by a preponderance of the evidence that the substance attributed to Hood's relevant conduct was indeed crack cocaine.

Accordingly, we affirm Appellants' sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[12] **See United States v. Gordon**, 895 F.2d 932, 936 (4th Cir. 1990).
[13] USSG § 3E1.1, comment. (n.1(a)).
[14] **See United States v. Harris**, 882 F.2d 902, 907 (4th Cir. 1989).
[15] **See United States v. Holt**, 79 F.3d 14, 17 (4th Cir.), cert. denied,___
U.S. ___, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9448).