UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4861

THOMAS KENT JAMERSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
James C. Turk, District Judge.
(CR-96-70063)

Submitted: April 28, 1998

Decided: June 18, 1998

Before WILKINS and MICHAEL, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James G. Hunter, III, O'KEEFFE & SPIES, Lynchburg, Virginia, for
Appellant. Robert P. Crouch, Jr., United States Attorney, Anthony P.
Giorno, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Thomas Kent Jamerson was convicted pursuant to his guilty plea of conspiracy to distribute cocaine and cocaine base. On appeal he alleges that the district court erred in its determination of the amount of drugs attributable to him and for increasing his base offense level for possession of a firearm pursuant to USSG § 2D1.1.**1** Finding no error, we affirm.

Jamerson was part of a loose-knit conspiracy which distributed drugs in Central Virginia, and he purchased cocaine for both personal use and resale. Two of Jamerson's co-conspirators ("Gallier" and "Powell") provided statements concerning the amount of cocaine purchased by Jamerson and stated that Jamerson always carried a firearm during drug transactions.**2**

We review the district court's factual determination concerning the amount of drugs attributable to Jamerson for clear error and find none. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3309 (U.S. Oct. 21, 1996) (No. 95-9398); United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). Jamerson bears the burden of proving that the information in the presentence report is incorrect, and mere objections are insufficient. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). We find that Jamerson fails to meet this burden. The sole basis for Jamerson's objection on this issue is his belief that Powell was not a reliable witness because she was a heavy drug user. He asserts, therefore, that he should not be held accountable for any amounts identified by Powell.

_____

**1** **U.S. Sentencing Guidelines Manual** (1997).
**2** The investigating FBI agent also testified that Jamerson carried a firearm during drug transactions.

2

Credibility issues, however, are decided by the fact finder, and the district court resolved this issue against Jamerson. **3**

We review the district court's factual findings concerning the § 2D1.1 enhancement for clear error and find none here.**4** A two-level increase in Jamerson's base offense level for possession of a firearm was appropriate unless it was "clearly improbable" that the weapon was connected with the offense.**5** In the present case, two co-conspirators and the investigating agent stated that Jamerson carried a firearm during drug transactions. Since Jamerson fails to provide any evidence to refute these statements, we find that the district court's decision was not clearly erroneous.

We therefore affirm Jamerson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**3** We note that Jamerson provided no direct evidence refuting Powell's statements.
**4** **See United States v. Urrego-Linares**, 879 F.2d 1234, 1237-38 (4th Cir. 1989).
**5** **See** USSG § 2D1.1, comment. (n.3).