**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4617

WILLIAM GERARD PARSONS, formerly
known as William Leon Parsons,
a/k/a David J. Apple,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-97-819)

Submitted: May 25, 1999

Decided: September 23, 1999

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
HALL,* Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Tara D. Anderson, BERRY, QUACKENBUSH & STUART, P.A.,

_____

*Senior Judge Hall participated in the consideration of this case but
died prior to the time the decision was filed. The decision is filed by a
quorum of the panel pursuant to 28 U.S.C. § 46(d).

Columbia, South Carolina, for Appellant. J. Rene Josey, United States Attorney, Brucie H. Hendricks, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Gerard Parsons was convicted of two counts of possession with intent to distribute crack cocaine pursuant to his guilty plea. On appeal, he alleges that the district court erred by increasing his base offense level based on its finding that prior, uncharged drug transactions constituted "relevant conduct" pursuant to USSG § 1B1.3(a)(2).* Finding no error, we affirm.

Parsons was a crack cocaine dealer operating in an area of North Charleston, South Carolina, known for its high crime and drug distribution. Parsons was apprehended after selling crack cocaine to an informant. Prior to trial, Parsons entered into a plea agreement in which he agreed to cooperate with law enforcement officials and to give truthful answers concerning his drug activities. The parties also stipulated that the total amount of drugs involved was 10.6 grams, which was based on the amount of drugs Parsons sold to the informant. At sentencing, however, the court attributed 220.7 grams to Parsons. This amount was based on historical information provided by some of Parsons' "customers" who were cooperating with authorities. The court further held that neither it, nor the Government, was bound by the stipulated drug amount because Parsons breached the plea agreement when he failed two polygraph examinations in which he was asked questions concerning his drug activities.

_____

*U.S. Sentencing Guidelines Manual (1997).

2

It is well settled that a sentencing court may consider drug amounts which are not specified in the count of conviction when calculating a defendant's base offense level. See USSG§ 1B1.3(a)(2), comment. (n.3). The district court's determinations regarding the quantity of drugs to be considered as relevant conduct are factual in nature and will only be reversed if they are clearly erroneous. See United States v. Williams, 977 F.2d 866, 870 (4th Cir. 1992). In the present case, we find that the district court properly attributed the additional drug amounts to Parsons. The evidence showed that Parsons engaged in a regular pattern of drug dealing with the cooperating"customers," and Parsons failed to show that this information was inaccurate. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (defendant bears the burden showing that the information in the presentence report is inaccurate; mere objections are insufficient). Although Parsons' counsel attempted to impeach the credibility of this information at sentencing, this issue was decided against him, and we find nothing in the record which would justify overturning the district court's decision. Finally, even absent Parsons' deceptive answers during the polygraph examinations, the court was not bound by the drug amount stipulated in the plea agreement. See USSG§ 6B1.4(d), p.s.

Accordingly, we affirm Parsons' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3