**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4044

JEFFERSON RIASCOS-VALENCIA, a/k/a
William Keith Patterson, a/k/a
Jason,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-97-40)

Submitted: February 29, 2000

Decided: April 10, 2000

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. Terry Sherrill, CREFT, SHERRILL & ASSOCIATES, Charlotte,
North Carolina, for Appellant. Robert J. Higdon, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jefferson Riascos-Valencia was convicted pursuant to his guilty pleas of conspiracy to possess with intent to distribute cocaine and crack cocaine, possession with intent to distribute crack cocaine, and conspiracy to import cocaine. On appeal, he alleges that the district court erred in its calculation of the amount of drugs attributable to him and by denying his motion for a downward adjustment as a minor/minimal participant.[1] Finding no reversible error, we affirm.

Riascos-Valencia was part of a major drug conspiracy that operated primarily in the Winston-Salem, North Carolina, area from 1989-1996. The record shows that most of the co-conspirators were from the same neighborhood in Colombia. The conspirators imported the cocaine from Columbia and Ecuador and distributed it in North Carolina, Georgia, Texas, and New York. Riascos-Valencia was arrested during a controlled purchase and was found to be in possession of approximately 492 grams of crack cocaine.

We will uphold the district court's factual determination concerning the amount of drugs attributable to Riascos-Valencia absent clear error. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996). In addition, Riascos-Valencia bore the burden of showing that he was entitled to a reduction in his base offense level, and the district court's factual determination concerning his role in the offense will only be reversed if it was clearly erroneous. See United States v. Campbell, 935 F.2d 39, 46 (4th Cir. 1991).

The investigating agent testified that, based on interviews with several co-conspirators, Riascos-Valencia worked with Juan Alomia, the head of the "cell" in Winston-Salem, in Ecuador setting up a trans-

_____

[1] See U.S. Sentencing Guidelines Manual § 3B1.2 (1998).

2

shipment point to facilitate the smuggling of cocaine from Columbia into the United States. After establishing the base in Ecuador, Riascos-Valencia and Alomia entered this country illegally as stowaways aboard a merchant vessel in April 1996. Once in the United States, Riascos-Valencia assisted Alomia in the delivery of cocaine and crack cocaine, controlled the monetary aspects of Alomia's operation, cooked cocaine into crack, traveled to various ports to assist in receiving the imported cocaine,[2] and developed his own customer base.

Riascos-Valencia's primary argument at sentencing (and now on appeal) was that the statements of his co-conspirators were not credible or reliable. The district court resolved this issue against him, and we find nothing in the record which would justify overturning the court's factual findings. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994) (district court's credibility determinations are entitled to great deference). As a result, we find that Riascos-Valencia failed to meet his burden of showing that the information in the presentence report concerning the amount of drugs attributable to him was inaccurate. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). We further find that the evidence shows Riascos-Valencia was at least as culpable as the other members of the conspiracy and therefore was not entitled to a mitigating role adjustment under USSG § 3B1.2.

Accordingly, we affirm Riascos-Valencia's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

_____

[2] The district court attributed ten kilograms of cocaine to Riascos-Valencia as a result of two of these trips. The agent's testimony suggested that the total amount attributable to him was probably much higher.

3