**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4751**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD DAVID ELLISON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:04-cr-00028-7)

Submitted: July 13, 2007         Decided: August 9, 2007

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Trevor M. Fuller, FULLER & BARNES, LLP, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald David Ellison pled guilty to possession with intent to distribute methamphetamine and possession of pseudoephedrine with intent to manufacture methamphetamine in violation of 21 U.S.C. §§ 841, 846 (2000) and 18 U.S.C. § 2 (2000). The district court sentenced Ellison to 188 months' imprisonment. Ellison did not file a notice of appeal after the court entered judgment. On June 22, 2006, Ellison filed a motion under 28 U.S.C. § 2255 (2000), asserting his trial counsel failed to file a notice of appeal on his behalf. The district court granted the motion and entered an amended judgment from which Ellison could appeal. Ellison filed a timely notice of appeal from the second judgment. On appeal and after Ellison's counsel filed a brief, Ellison filed a pro-se supplemental brief.

Ellison's counsel first argues that the district court erred by enhancing Ellison's sentence based on its factual findings that Ellison possessed a gun and that the manufacture of methamphetamine in this case created a substantial risk of harm to the environment. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1), (6) (2004). Ellison contends the Government failed to submit evidence supporting these findings. When, as here, the district court relies on information in the Presentence Report in making findings, the defendant bears the burden of establishing that the information relied on by the district court is incorrect; mere

- 2 -

objections are insufficient. United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998); United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). "Without an affirmative showing the information is inaccurate, the court is 'free to adopt the findings of the [presentence report] without more specific inquiry or explanation.'" United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998) (citations omitted). After thoroughly reviewing the record, we find Ellison has not met his burden.

Ellison's counsel also argues that Ellison's sentence was procedurally unreasonable because the court merely mentioned without articulating its consideration of the sentencing factors under 18 U.S.C. § 3553(a) (2000). This Court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a), and determine an appropriate sentence. "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, ___ U.S. ___, 2007 WL 1771772146 (U.S. June 21, 2007) (No. 06-5754).

"[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), cert. denied, 2007 U.S. LEXIS 8718 (U.S. June 29, 2007) (No. 06-5439). "A sentence may be procedurally unreasonable, if the district court provides an inadequate statement of reasons." United States v. Moreland, 437 F.3d 424, 434 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2054 (2006).

"[A] district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant; and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing." Montes-Pineda, 445 F.3d at 380 (citations omitted). "[I]n determining whether there has been an adequate explanation, [this Court does] not evaluate a court's sentencing statements in a vacuum." Id. at 381. Rather, "[t]he context surrounding a district court's explanation may imbue it with enough content for [this Court] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." Id.

Here the court sentenced Ellison at the bottom of the properly calculated guidelines' range. Ellison fails to provide

- 4 -

any reason why he should have been sentenced below the guidelines' range. Although the court did not articulate any substantive explanation of the sentence, it specifically noted its consideration of the <u>Booker</u> decision and 18 U.S.C. § 3553(a) in imposing its sentence. Because Ellison can not overcome the presumption of reasonableness, and the sentence is the minimum recommended by the sentencing guidelines range, we find the sentence to be reasonable.

Finally, we have reviewed the issues raised in Ellison's pro se supplemental brief and find them without merit. Based on the foregoing, we grant Ellison's motion to file a pro se supplemental brief and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>