**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4544**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VINCENT COLLINS,

Defendant - Appellant.

-------------------------------

OFFICE OF THE FEDERAL PUBLIC DEFENDER, EASTERN DISTRICT OF NORTH CAROLINA; OFFICE OF THE FEDERAL PUBLIC DEFENDER, MIDDLE DISTRICT OF NORTH CAROLINA; OFFICE OF THE FEDERAL PUBLIC DEFENDER, WESTERN DISTRICT OF NORTH CAROLINA,

Amici Supporting Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:15-cr-00316-DKC-1)

Submitted: March 23, 2018                    Decided: May 2, 2018

Before GREGORY, Chief Judge, KEENAN, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished opinion. Chief Judge Gregory wrote the opinion, in which Judge Keenan and Judge Floyd joined.

Erek L. Barron, WHITEFORD, TAYLOR & PRESTON, LLP, Bethesda, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Bethany Lipman, Special Assistant United States Attorney, Joseph Baldwin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. Anthony Martinez, Federal Public Defender, Joshua B. Carpenter, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Asheville, North Carolina, for Amici Curiae.

---

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Chief Judge:

This matter was calendared for December 2017, but scheduling conflicts delayed oral argument. In the interim, this Court heard argument in *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018), which involved one of the same issues presented in this case. To preserve judicial resources, we held this case in abeyance pending the Court's decision in *McCollum*. The Court has issued its decision in *McCollum* and this matter is now ripe for consideration. Oral argument will not aid the resolution of this matter, so we decide this appeal on the briefs. For the reasons stated below, we vacate the lower court decision and remand this case for resentencing.

In January 2016, Collins pleaded guilty to (1) conspiracy to distribute and to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Collins' Amended Pre-sentence Report ("PSR") identified him as a career offender based on two predicate offenses: a 1997 conviction for unlawful distribution of cocaine and a 2005 conviction for conspiracy to commit violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5).

Based on Collins' offense level and criminal history category, his guideline imprisonment range would have been 188–235 months. J.A. 203. However, because Collins was designated a career offender and was also convicted of violating § 924(c), his guideline range increased to 262–327 months. *Id.* The district court sentenced Collins to 160 months because it found that Collins' career offender status overstated the seriousness of his criminal history.

3

On appeal Collins argues that the district court erred by (1) relying on the facts stated in the PSR and (2) designating Collins as a career offender under the United States Sentencing Guidelines. We address each argument in turn.

First, Collins argues that the district court improperly relied on the PSR because the Government did not sufficiently prove the facts of the convictions contained within the report. We disagree.

"We review a district court's legal conclusions at sentencing de novo and its factual findings for clear error." *United States v. McDowell*, 745 F.3d 115, 120 (4th Cir. 2014). "[W]e afford considerable deference to a district court's determinations regarding the reliability of information in a PSR." *Id.* "The *defendant* has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) (emphasis added). "We will not disturb a court's determination regarding the reliability of a PSR unless we are 'left with the definite and firm conviction that a mistake has been committed.'" *McDowell*, 745 F.3d at 120 (quoting *United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008)). "Without an affirmative showing [that] the information is inaccurate, the court is free to adopt the findings of the presentence report without more specific inquiry or explanation." *Terry*, 916 F.2d at 162 (internal citations, quotations, and alterations omitted).

In this case, Collins' argument begins and ends with the naked assertion that the district court should not have relied on the PSR. Collins does not articulate any specific reason why a particular fact contained in the PSR is unreliable or untrue. Our precedent

4

makes clear that Collins' "mere objection to the finding in the presentence report is not sufficient." *Terry,* 916 F.2d at 162. Accordingly, Collins does not make the necessary showing that the PSR is inaccurate, and the district court did not err by adopting the facts within the PSR without further inquiry.

Second, Collins argues that his designation as a career offender is improper because one of his prior felony convictions does not qualify as a crime of violence under the United States Sentencing Guidelines. We agree.

"A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has *at least two* prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2015) (emphasis added).

The PSR designated Collins a career offender because of two prior felony convictions involving a controlled substance offense or a crime of violence: his 1997 conviction for unlawful distribution of cocaine, and his 2005 conviction for conspiracy to commit violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). Collins argues that the latter is not a crime of violence. Our recent decision in *McCollum* makes clear that "§ 1959(a)(5) is not categorically a crime of violence[.]" 885 F.3d at 303. Therefore, Collins' § 1959(a)(5) conviction cannot qualify as a crime of violence and without it, Collins lacks the requisite number of predicate convictions to qualify as a career offender.

5

Though the district court departed from a guideline sentence after finding that Collins' career offender enhancement resulted in too high a range, it is unclear how the improper career-offender designation affected Collins' sentence. Accordingly we vacate Collins' sentence and remand this case back to the district court for resentencing.

*VACATED AND REMANDED*