**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                   No. 97-4325

STEPHEN PAUL SELLECK,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-95-80-V)

Submitted: March 31, 1998

Decided: September 2, 1998

Before NIEMEYER and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, Brian L. Whisler, Assis-
tant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Stephen Paul Selleck was convicted by a jury of two counts of wire fraud in violation of 18 U.S.C. § 1343 (1994). On appeal he alleges that the district court erred by not granting his motion for judgment of acquittal and by denying his motion for a downward adjustment of his base offense level for acceptance of responsibility.[1] Selleck also alleges that the district court erred in calculating the amount of loss attributable to him as a result of his misconduct. Finding no error, we affirm.

Selleck operated a foreign currency exchange company. During the time of the offenses, Selleck had two clients. The clients gave Selleck American currency to exchange for foreign currency to pay their foreign suppliers. Instead of paying the suppliers, however, Selleck used the clients' money to purchase Japanese yen futures contracts on his own account.[2] The yen market went bad, and Selleck was unable to cover his losses or pay his clients' suppliers. When the suppliers complained, Selleck told them and the clients that a bank error caused the delay in payment. Selleck used over one million dollars of his clients' money to make personal investments.[3]

In reviewing the denial of a motion for judgment of acquittal, we will sustain the conviction if the evidence, viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt, See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993), and we find the evidence here meets this requirement. To convict Selleck of wire fraud, the Government must prove, inter alia, that he engaged in a scheme to defraud. See United States v. ReBrook, 58 F.3d 961, 966 (4th Cir. 1995). Selleck asserts that the Government

_____

[1] **See U.S. Sentencing Guidelines Manual** § 3E1.1 (1997).
[2] Selleck's clients were unaware of his activities and testified at trial that they would not have given him any money had they known he was going to use their money in this manner.

[3] Selleck eventually paid most of this money back.

2

failed to prove this element because his clients did not understand the nature of their transactions with him and because there was no showing that he intended to harm them.

Selleck's contention is without merit. Wire fraud includes "any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises." Carpenter v. United States, 484 U.S. 19, 27 (1987). In the present case, we find that the evidence was sufficient to prove that Selleck engaged in a scheme to defraud. Selleck used his clients' money without permission for personal use. When he was confronted about the failure to pay his clients' suppliers, Selleck made up a story about bank error to delay discovery of his activities. We find that a reasonable fact finder could conclude that Selleck fraudulently intended to deprive his clients of their money.[4]

Selleck asserts that he was entitled to a reduction in his base offense level because he cooperated with the authorities in interviews and made an attempt at restitution. We disagree. Selleck bears the burden of showing that he was entitled to the reduction, and the reduction is only appropriate when the defendant has shown an affirmative acceptance of responsibility for his behavior. See United States v. Harris, 882 F.2d 902, 906-07 (4th Cir. 1989). We find that Selleck failed to meet this burden. The record shows that Selleck provided conflicting statements concerning his misconduct and continued to deny criminal intent. Selleck's refusal to admit his criminal intent rendered a reduction for acceptance of responsibility inappropriate. See United States v. Castner, 50 F.3d 1267, 1280 (4th Cir. 1995). Accordingly, we find that the district court's decision was not clearly erroneous.

We review the district court's calculation concerning the amount of the loss for clear error and its application of a loss enhancement to undisputed facts de novo. See United States v. Chatterji, 46 F.3d 1336, 1340 (4th Cir. 1995). The loss suffered focuses on the value of

_____

[4] Since we find that the district court properly denied Selleck's motion for judgment of acquittal, we need not address his assertion that the trial court should have raised this issue sua sponte after the close of all evidence.

3

the money, property, or services unlawfully taken. **5** In the present case, we find no error in the district court's loss calculation or its application of the loss enhancement.

Selleck alleges that the court erred by attributing over $500,000 in losses to him for sentencing purposes. Selleck contends that he should have been held accountable for only $146,000 in losses. We disagree. Selleck bears the burden of showing why the information in the pre-sentence report is incorrect (mere objections are insufficient), see United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990), and Selleck failed to meet this burden. While the record shows that he paid one of the victims back all but approximately $150,000, it is also clear from the record that Selleck used over $1 million of his clients' money to engage in personal investments, nearly all of which was lost. The district court properly considered the total amount Selleck misappropriated even though he was acquitted of several counts because all relevant conduct may be considered in determining a defendant's base offense level. See USSG§ 1B1.3.

Accordingly, we affirm Selleck's convictions and sentence.**6** We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**5** See USSG § 2F1.1(b)(1), comment. (n.7).

**6** To the extent that Selleck alleges that the district court erred in finding that his conduct involved more than one victim and more than minimal planning and that the offense conduct was as broad as it was, we find that these issues are without merit. Selleck bears the burden of showing that the information in the presentence report was incorrect, and we find that he failed to meet this burden. See Terry , 916 F.2d at 162.

4