**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 98-4542

RONNIE DEON THOMPSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-98-36)

Submitted: March 23, 1999

Decided: April 22, 1999

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William C. Ingram, First
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, L. Patrick
Auld, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronnie Deon Thompson was convicted pursuant to his guilty pleas of manufacturing, passing, and uttering counterfeit Federal Reserve notes in violation of 18 U.S.C. §§ 471, 472 (1994). On appeal, he alleges that the district court erred in calculating his criminal history score and by enhancing his base offense level based on the quality of the counterfeit notes. Finding no error, we affirm.

Police in Greensboro, North Carolina, arrested Thompson on state drug charges. During the ensuing search of his home, police found evidence suggesting that Thompson was printing counterfeit money. Thompson admitted to Secret Service agents that he used an ink-jet color copier to produce over $4900 worth of counterfeit notes. Thompson further admitted to successfully passing a counterfeit $50 bill at a local video store. Investigators later discovered that twelve additional counterfeit notes (with identical serial numbers to those found in Thompson's home) had been passed. Thompson denied passing these other notes.

Thompson alleges that the district court erred by considering a 1987 conviction in calculating his criminal history score even though the Government was unable to produce a certified copy of the conviction.[1] We disagree. Thompson bears the burden of showing that the information in the presentence report is inaccurate; mere objections are insufficient, and we find that he has failed to meet this burden. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Moreover, it is well settled that a sentencing court is not restricted to relying on information which would be admissible at trial, provided

_____

[1] The probation officer testified that he discovered the conviction while performing a routine search using a computerized database. He further testified that the "hard copy" of the conviction had been destroyed.

2

it "has sufficient indicia of reliability to support its probable accuracy." See USSG § 6A1.3(a), p.s.[2] We find that the district court did not abuse its discretion in finding the computerized records reliable, nor was its decision to apply the 1987 conviction in calculating Thompson's criminal history score clearly erroneous. See United States v. Marin-Cuevas, 147 F.3d 889, 894-95 (9th Cir. 1998).

We review the district court's factual finding that the counterfeit notes were of sufficiently good quality to pass minimal scrutiny for clear error and find none. See United States v. Miller, 77 F.3d 71, 75-77 (4th Cir. 1996). The district court correctly applied the factors set forth in Miller and properly enhanced Thompson's base offense level pursuant to USSG § 2B5.1(b)(2).[3]

Accordingly, we affirm Thompson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[2] **U.S. Sentencing Guidelines Manual** (1997).
[3] Our independent review of the trial exhibits, performed at Thompson's request, also leads us to the conclusion that the counterfeit notes were of passable quality.

3