**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4678

CARLOS RENE VILLANUEVA, a/k/a
Carlos Villanueva,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-97-247)

Submitted: April 27, 1999

Decided: August 20, 1999

Before NIEMEYER and KING, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark Patrick Foster, Jr., Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, D. Scott Broyles, Assis-
tant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carlos Rene Villanueva was convicted pursuant to his guilty plea of conspiracy to possess with intent to distribute and distribute marijuana. On appeal, he alleges that the district court clearly erred in its calculation of the amount of drugs attributable to him, by enhancing his base offense level for possession of firearms pursuant to USSG § 2D1.1(b)(1),[1] and by refusing to apply the "safety valve" provision found in 18 U.S.C.A. § 3553(f) (West Supp. 1998) and USSG § 5C1.2.[2] Finding no error, we affirm.

Villanueva was part of large drug conspiracy which operated in Gaston County, North Carolina. During a search of Villanueva's residence following his arrest, police seized three firearms and records of drug transactions. In addition, several co-conspirators provided statements to police in which they described Villanueva's drug activities.

We review the district court's factual determination concerning the amount of drugs attributable to Villanueva for clear error and find none here. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996). One of the investigating officers testified that, based on interviews with Villanueva and several co-conspirators, Villanueva was personally responsible for the distribution of over 2000 kilograms of marijuana. Villanueva's primary argument at sentencing (and now on appeal) was that the statements of his co-conspirators were not credible or reliable. The district court resolved this issue against Villanueva, and we find nothing in the record which would justify overturning the court's factual findings. See United States v. D'Anjou,

_____

[1] **U.S. Sentencing Guidelines Manual** (1998).
[2] The "safety valve" allows a sentencing court to impose a sentence in accordance with the applicable Guidelines range, regardless of any statutory minimum sentence, if the defendant satisfies certain criteria.

2

16 F.3d 604, 614 (4th Cir. 1994) (district court's credibility determinations are entitled to great deference). As a result, we find that Villanueva failed to meet his burden of showing that the information in the presentence report was inaccurate. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (mere objections are insufficient).

The Government need only prove by a preponderance of the evidence that the firearms enhancement is applicable, and the district court's factual determinations must be upheld unless they are clearly erroneous. See United States v. Urrego-Linares , 879 F.2d 1234, 1237-38 (4th Cir. 1989). In addition, "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG§ 2D1.1, comment. (n.3). In the present case, we find that the district court properly applied the enhancement. Firearms were found in Villanueva's residence where he smoked marijuana and where he was arrested. When demanding their return, he referred to them as his guns. And his efforts to explain them were inconsistent and implausible. Given the large amount of drugs handled by Villanueva, it is certainly probable that he would want to have firearms available if needed. Moreover, although Villanueva testified that only one weapon belonged to him, which he claimed he used for hunting, the district court found that his testimony was internally inconsistent and incredible. Because the evidence supports the district court's finding that Villanueva possessed firearms in connection with a drug trafficking offense, he was not eligible for sentencing under the "safety valve" provision. See 18 U.S.C.A. § 3553(f)(2); USSG § 5C1.2.

We therefore affirm Villanueva's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3