UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4493

NATHANIEL RENARD CHILES,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-94-7)

Submitted: June 27, 2000

Decided: July 18, 2000

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Margaret McLeod Cain, MARGARET MCLEOD CAIN, P.C., Char-
lottesville, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Joseph W.H. Mott, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Nathaniel R. Chiles pled guilty to conspiracy to distribute cocaine and money laundering. In his plea agreement, Chiles agreed that he would not appeal the court's application of the sentencing guidelines to the facts of his case. The court sentenced Chiles to 148 months imprisonment and five years of supervised release and directed that Chiles be given credit for 118 days that he spent in custody in Greene County on a related count.[1] The court did not inform Chiles that he had a right to appeal.

Chiles filed a 28 U.S.C.A. § 2255 (West 1994 & Supp. 2000) motion, raising a number of claims, including failure of the district court to notify him of his right to appeal as required by Fed. R. Crim. P. 32. The district court denied the motion. On appeal, we found that Chiles specifically waived only his right to challenge guidelines issues decided after a full and fair hearing. Because Chiles explicitly raised claims that did not fall into the scope of the waiver and because Chiles challenged the due process afforded at his sentencing hearing, we remanded the case with instructions to vacate Chiles' sentence and resentence him with proper notification of his appeal rights.

At his second sentencing hearing in June 1999, Chiles moved for a continuance to subpoena witnesses to challenge the four-level enhancement for his role in the conspiracy. The district court denied the motion as untimely. Chiles' counsel did not raise any further objections to this enhancement. The district court overruled Chiles' objection and enhanced his sentence by four levels for his leadership role in the conspiracy.

The district court then imposed a sentence of 136 months imprisonment and five years supervised release. The district court again

_____

[1] The Greene County conviction was for possession of cocaine and was fully discharged before Chiles was indicted on the federal charges. The conduct underlying this state conviction was included as relevant conduct in determining Chiles' federal sentence.

directed that Chiles be given 118 days of credit for time spent in state custody on a related charge. Chiles filed a timely notice of appeal.

I.

Chiles first asserts that the district court erred in ordering the Bureau of Prisons ("BOP") to grant him a 118-day sentence credit because the BOP lacks the authority to give such credit. Instead, Chiles contends, the district court should have reduced his sentence by 118 days.

Chiles is correct that the district court lacked authority to order the BOP to credit his sentence. See United States v. Wilson, 503 U.S. 329, 334 (1992) (holding that district court is not authorized to compute credit at sentencing); see also United States v. Hornick, 815 F.2d 1156, 1160 (7th Cir. 1987) (judge's direction to BOP is merely an advisory opinion). In addition, the BOP lacked authorization to give Chiles credit on his federal sentence for time that had been credited against a prior state sentence. See 18 U.S.C. § 3585(b) (1994). Therefore, because the 118 days at issue were fully credited to Chiles' state sentence, the district court's structure of Chiles' sentence was improper.

Moreover, the district court could not have reduced Chiles' sentence accordingly, as Chiles now requests. Although Chiles contends that Application Note 2 to U.S. Sentencing Guidelines Manual § 5G1.3 (1993) entitles him to sentencing credit, this section only provides for sentence reduction for the portion of a related, undischarged state sentence that has already been served. However, if the defendant has completed his state prison term before the federal sentence is imposed, § 5G1.3 does not apply. See United States v. McHan, 101 F.3d 1027, 1040 (4th Cir. 1996). In addition, we have found that a downward departure is not available under these circumstances. See id. Thus, the district court's instructions that Chiles be given sentencing credit exceeded the court's authority as a matter of law and should be expunged from the judgment. See United States v. Labeille-Soto, 163 F.3d 93, 99-100 (2d Cir. 1998).

II.

Chiles next asserts that the district court improperly used the 1990 and 1993 versions of the Sentencing Guidelines Manual in calculating

3

his sentence. Chiles was first sentenced in May 1994 and later in June 1999, and he argues that the 1994 edition of the manual, including an amendment to § 3B1.1(a), effective November 1, 1993, should have been applied at his sentencings. However, the 1993 version of the Sentencing Guidelines Manual includes amendments effective November 1, 1993, and the 1994 version would not have been published until after November 1994, subsequent to Chiles' initial sentencing. Chiles does not allege any further amendments to any relevant section of the manual between his first and second sentencing hearings, and thus, the proper version of the guidelines were applied to Chiles' sentence.

III.

Next, Chiles contends that the Probation Office violated Rule 32, which at the time of Chiles' 1994 sentencing required that the presentence report ("PSR") be made available to the defendant at least ten days before the court imposed sentence. The Probation Officer filed the PSR well before sentencing, but filed an addendum addressing Chiles' objections on May 26, 1994, five days before Chiles' initial sentencing.

However, Rule 32, by its terms, applied only to the initial filing of the PSR and did not address time limitations for filing addendums addressing objections by the defendant. In any event, Chiles appeals from his June 1999 sentencing. Therefore, even if Chiles were entitled to receive the response to his objections ten days before sentencing, that requirement has clearly been met. The addendum was filed on May 26, 1994, and the sentencing at issue did not occur until June 1999, over five years later. Accordingly, this claim is utterly without merit.

IV.

Chiles contends that the district court improperly enhanced his sentence based on a finding that there were a sufficient number of participants in the "extensive" conspiracy.[2] According to Chiles, this finding

_____

[2] Chiles contends that his waiver of the right to appeal guidelines issues was ineffective because he was not provided with a full and fair sentenc-

4

is insufficient to support the enhancement absent a factual finding that Chiles was a leader or organizer of at least one person.

Guideline section 3B1.1(a) provides for a four-level sentencing enhancement only if the defendant was both an organizer or leader of criminal activity <u>and</u> the activity involved five or more participants or was otherwise extensive. <u>See</u> USSG § 3B1.1, comment. (n.2) (enhancement is only appropriate if the defendant was organizer or leader of one or more other participants). While it is true that, at sentencing, the district court did not discuss whether Chiles was a leader or organizer and only talked about the number of persons involved, the court was responding to Chiles' specific objections regarding his purported lack of knowledge of certain co-conspirators. The district court merely pointed out that, even discounting the persons Chiles objected to, there were a sufficient number of co-conspirators to support the enhancement. Further, the district court noted that Chiles need not know all the conspirators, so long as each was a participant. Because Chiles did not challenge the participation of the conspirators that were unknown to him and did not challenge his role as an organizer, the district court did not address these issues.

Nonetheless, the district court adopted the PSR which recommended that Chiles was a leader or organizer under USSG § 3B1.1(a). On appeal, Chiles contends for the first time that there is no evidence that he led or organized anybody in the conspiracy. Chiles had the burden of showing that the information in the presentence report which he disputed was unreliable or inaccurate. <u>See United States v. Terry</u>, 916 F.2d 157, 162 (4th Cir. 1990). Chiles presented no evidence and did not testify at either sentencing hearing. Because Chiles raises this claim for the first time on appeal, it is reviewed only for plain error. <u>See</u> Fed. R. Crim. P. 52(b).

_____

ing hearing, which was an explicit condition of his waiver. While the Government contends that Chiles did have a full and fair hearing, it concedes that the waiver was ineffective because Chiles' guilty plea colloquy in 1994 was insufficient to determine whether the waiver was knowing and voluntary. Because both parties agree that the waiver was ineffective (albeit for different reasons), we will address the merits of Chiles' guidelines challenge.

5

Enhancements for a defendant's leadership role in a conspiracy under § 3B1.1(a) have been applied where the defendant was a major supplier of drugs for distribution and redistribution by other members of the conspiracy. See United States v. Banks , 10 F.3d 1044, 1057 (4th Cir. 1993); see also United States v. Smith , 914 F.2d 565, 570 (4th Cir. 1990) (evidence that co-conspirators distributed drugs together, but defendant claimed larger share). The PSR described a large drug conspiracy in which Chiles was the main supplier, distributing drugs to other members of the conspiracy for redistribution and arranging for later payment. The PSR specifically alleges that one participant worked as Chiles' lieutenant, distributing drugs to dealers and wiring Chiles the money collected. Thus, there was no plain error.

Based on the foregoing, we affirm Chiles' sentence and remand for expungement of the direction to the BOP to grant Chiles sentence credit. Because all issues Chiles seeks to raise are covered by counsel's brief, we deny Chiles' motion to file a pro se brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

6