**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DARYL CUMMINGS,
*Defendant-Appellant.*

No. 00-4805

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CHARLENE RENE LOCKLEAR,
*Defendant-Appellant.*

No. 00-4826

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CHARLES RONALD LOCKLEAR,
*Defendant-Appellant.*

No. 00-4903

Appeals from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-00-21)

Submitted: August 20, 2001

Decided: September 10, 2001

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina; Michael R. Ramos, RAMOS & LEWIS, L.L.P., Shallotte, North Carolina; Walter Hoytt Paramore, III, Jacksonsville, North Carolina, for Appellants. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Felice McConnell Corpening, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Daryl Cummings, Charlene Locklear, and Charles Locklear of conspiracy to manufacture and making, possessing, and passing counterfeit currency. On appeal, they allege that the district court erred by enhancing their offense levels for use of a minor.[1] Finding no reversible error, we affirm.

The basic facts of this case are undisputed. Appellants and several others gathered at Charlene Locklear's home. Also present were a co-defendant's fifteen-year-old daughter, Charles Locklear's sixteen-year-old girlfriend, and Charlene Locklear's three children, ages ten, seven, and five. At some point during the evening, the conspirators attempted to download images of federal reserve notes from the Inter-

---

[1] *U.S. Sentencing Guidelines Manual* § 3B1.4 (2000).

net and print them. However, they were unable to line up the fronts and backs of the bills. The group ultimately obtained a scanner, scanned images of real currency into the computer, and printed counterfeit bills of various denominations. Some of the conspirators cut the individual bills from sheets, and then everyone in the house, including the five minors, crumpled the bills to make them appear worn.

The currency was split up, and Charles Locklear, four co-conspirators, and the fifteen-year-old traveled to South Carolina, passing counterfeit bills at several convenience stores, purchasing crack cocaine, and attempting to use the bogus bills to play video poker. When they returned home, another group, which included Cummings, Charlene Locklear, and the fifteen-year-old, left to pass the notes at several more convenience stores and a flea market. Charles Locklear remained in the house with the other minors and printed more bills. The conspirators were apprehended after the fifteen-year-old and an adult co-defendant were arrested while attempting to pass counterfeit bills at a Wal-Mart.

Appellants all objected at trial to the USSG § 3B1.4 enhancement, arguing, as they do on appeal, that there was no evidence they recruited, coerced, or actively employed the minors.[2] Cummings also argues that there was no evidence he was aware the minors were under the age of eighteen.

Appellants primarily rely on recent decisions by the Sixth and Ninth Circuits to support their position that the definition of "use" for purposes of the enhancement should be similar to that found in *Bailey v. United States*, 516 U.S. 137 (1995).[3] We reject such a narrow defi-

---

[2]Under USSG § 3B1.4, a defendant's base offense level may be enhanced by two levels if a minor is used. "Use" is defined as "directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting" the minor. USSG § 3B1.4, cmt. n.1. In the present case, Appellants allege that the minors were willing and active participants.

[3]*See United States v. Butler*, 207 F.3d 839, 847-48 (6th Cir. 2000) (holding that a defendant must take affirmative steps to actively employ the minor); *United States v. Parker*, 241 F.3d 1114, 1120-21 (9th Cir. 2001) (same).

nition, finding the approach taken by the Seventh Circuit, focusing on the term "encouraging" in the definition of "use," to be more persuasive. *United States v. Ramsey*, 237 F.3d 853, 859-60 (7th Cir. 2001) (holding that an adult defendant who forms a partnership with a minor clearly encourages the minor to commit the crime by virtue of the inherent relationship between adults and minors), *petition for cert* filed, Apr. 18, 2001 (No. 00-9546).

In the present case, there were special relationships between the minors and the adult conspirators that make the Seventh Circuit's approach more applicable. For example, we find it highly probable that Charles Locklear (age twenty-eight at the time of the offenses) influenced and encouraged his sixteen-year-old girlfriend to participate. Likewise, the fifteen-year-old was probably encouraged by her co-conspirator mother. More importantly, it is beyond debate that Charlene Locklear's ten, seven, and five-year-old children required direction and encouragement while they helped crumple the counterfeit bills.

Finally, we find Cummings' scienter argument to be without merit. As a factual matter, even if he could not tell that the fifteen- and sixteen-year-olds were minors, there could be no question as to Charlene Locklear's small children. Furthermore, the burden is on Cummings to show that the information in the presentence report is incorrect, and we find that he has failed to meet this burden. *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). More importantly, there is nothing in the guidelines imposing a knowledge requirement. *United States v. McClain*, 252 F.3d 1279, 1286 (11th Cir. 2001).

We therefore affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*