UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

ERIC BOBBY ELLIS,
  *Defendant-Appellant.*

No. 00-4916

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-99-173-MU)

Submitted: September 28, 2001

Decided: October 12, 2001

Before MICHAEL, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Karen E. Eady, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Eric Bobby Ellis seeks to appeal his twenty-four month sentence for conspiring to make, possess, and utter counterfeit securities in violation of 18 U.S.C. §§ 371, 513(a) (1994), and the manufacture and use of false identification in violation of 18 U.S.C.A. § 1028 (West 2000 & Supp. 2001). On appeal, Ellis contends the district court improperly relied on his presentence report's assessment of his criminal conduct. In particular, Ellis challenges the total loss attributable to him as a result of his activities, on the basis that some of it was not reasonably foreseeable to him. For the following reasons, we affirm.

In sentencing a defendant, district courts are entitled to consider and rely on any information concerning the background, character, and conduct of a person convicted of an offense for the purpose of imposing an appropriate sentence. *See* 18 U.S.C. § 3661 (1994). Although a defendant may object to the content of a presentence report, without an affirmative showing that the information contained therein is inaccurate, a district court "'is free to adopt the findings of the [presentence report] *without more specific inquiry or explanation.*'" *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) (quoting *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990)) (emphasis added). Here, Ellis has offered no affirmative reason to question the presentence report's finding as to either his participation in the criminal activity charged or the total resulting loss. Furthermore, because the presentence report indicates Ellis and his associates pooled the original gift checks they each obtained, which Ellis does not challenge, there is no reason to limit the scope of his resulting liability.

Accordingly, we affirm Ellis' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

*AFFIRMED*