# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

BERKLEY OLIVER WOMACK,
            *Defendant-Appellant.*

No. 02-4266

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-01-28)

Submitted: July 17, 2002

Decided: July 30, 2002

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Berkley Oliver Womack pled guilty to one count of conspiracy to possess with intent to distribute LSD in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999 & Supp. 2002). On appeal, Womack contends the district court abused its discretion by increasing by four levels his offense level for being a manager or organizer in the conspiracy. *See U.S. Sentencing Guidelines Manual* § 3B1.1(a) (2000). Finding no reversible error, we affirm.

The district court's finding that Womack acted as an organizer or manager is reviewed for clear error. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Due deference is given to the court's assessment of the witnesses' credibility. *United States v. Williams*, 977 F.2d 866, 870 (4th Cir. 1992). In addition, the court is free to adopt the factual findings contained in the PSR without more explanation. *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). At sentencing, the court is permitted to consider hearsay testimony and other evidence that has a sufficient indicia of reliability. *United States v. Uwaeme*, 975 F.2d 1016, 1021 (4th Cir. 1992).

We reject Womack's argument that the district court abused its discretion by not crediting his testimony and being more receptive to information provided by a coconspirator. We find the court's findings were not clearly erroneous. There was sufficient evidence showing that Womack was more than merely a buyer and seller of LSD. *See United States v. Sayles*, __ F.3d __, 2002 WL 1473216, *5 (4th Cir. July 10, 2002).

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*