**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                    No. 03-4278

TROY JAMES POWELL,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-01-5-V)

Submitted: September 24, 2003

Decided: February 6, 2004

Before WIDENER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Danielle B. Obiorah, MASON-WATSON, OBIORAH & SINGLE-
TARY, P.C., Charlotte, North Carolina, for Appellant. Gretchen C. F.
Shappert, OFFICE OF THE UNITED STATES ATTORNEY, Char-
lotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Troy James Powell was indicted with twenty-three co-conspirators for conspiracy to possess with intent to distribute cocaine and cocaine base, 21 U.S.C. § 846 (2000), in violation of 21 U.S.C. § 841(a)(1) (2000). A jury found Powell guilty of the conspiracy and held him responsible for less than 50 grams of cocaine base and no cocaine powder. A sentence of 240 months, the statutory maximum, was imposed. Powell raises five issues on appeal. We find no error and affirm his conviction and sentence.

First, Powell asserts on appeal that the district court erred in its denial of his oral motion objecting to the composition of the jury array, and he contends the composition of the jury array was plainly erroneous. The fact that only one member of the venire was black is insufficient to support a challenge to the array. *See United States v. Meredith*, 824 F.2d 1418, 1424 n.3 (4th Cir. 1987) (noting that defendant is not entitled to a specific statistical balance in the jury pool). We find that Powell has not raised sufficient facts to challenge the composition of the jury array.

Second, Powell asserts the evidence was not sufficient to show a conspiracy to sell drugs or to show that Powell agreed to join in the conspiracy. The Government offered testimony from five persons who bought drugs from or were given drugs by Powell, three law enforcement officers and two civilians who participated in undercover purchases from Powell, and a sheriff's deputy to whom Powell provided admissions of drug dealing during an earlier incarceration. Physical evidence was also admitted from the undercover purchases. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en

banc). We find there was substantial evidence upon which the jury could find Powell guilty of conspiracy to distribute cocaine base.

Third, Powell asserts that the district court erred in adopting the presentence report, which attributed at least 1.5 kilograms of crack cocaine to Powell for sentencing purposes. Powell asserts he was an independent contractor and could be held liable only for the drugs he sold, a quantity of less than 500 grams, and that because he was dealing drugs only to support his habit and not to make money, no greater quantity could be attributed to him as reasonably foreseeable. The district court may adopt the findings in the presentence report without further inquiry unless the defendant makes an affirmative showing that the information in the presentence report is inaccurate or unreliable. *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) (citing *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990)). We conclude find the district court did not err in its finding that Powell could be attributed with more than 1.5 kilograms of cocaine base.

Fourth, Powell asserts on appeal that the district court erred in its denial of his motion to grant him a departure based on his relatively small culpability within the overall conspiracy. *See U.S. Sentencing Guidelines Manual* § 3B1.2(b) (2002). The district court found by a preponderance of the evidence that Powell was neither a minor nor a minimal participant. This court has held that a defendant who sells drugs does not have a minor role in a drug conspiracy. *United States v. Brooks*, 957 F.2d 1138, 1149 (4th Cir. 1992). Based on the substantial evidence that Powell sold drugs to several people, on behalf of himself and his brother, as well as evidence that he employed another person to run drugs, we find this claim is without merit.

Finally, Powell asserts that the district court erred in denying his motion to produce the personnel file of a sheriff's deputy, Jeremy Abbott, who was called as a witness by the Government. Powell argues on appeal the mere fact that Abbott was terminated from the Sheriff's Department called into question his honesty and truthfulness. Powell also asserts the court's refusal to allow Powell to question Abbott regarding his termination curtailed his ability to effectively cross-examine Abbott. A district court's decision to limit cross-examination is reviewed for abuse of discretion. *United States v. Cropp*, 127 F.3d 354, 358 (4th Cir. 1997). The district court must

balance the evidence's probative value against the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 403. The appraisal of the probative and prejudicial value of evidence is entrusted to the sound discretion of the trial court; absent extraordinary circumstances, its appraisal will not be disturbed. *See United States v. Simpson*, 910 F.2d 154, 157 (4th Cir. 1990). We have reviewed Abbott's personnel file and find the district court did not abuse its discretion in determining that nothing within the record reflects on Abbott's veracity.

We therefore affirm Powell's convictions and sentence. We deny Powell's motion to file a supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*