**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4189**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MICHAEL L. MOORE,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:08-cr-00389-HEH-1)

─────────────

Submitted:  September 29, 2009        Decided:  November 6, 2009

─────────────

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, John D. Adams, Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael L. Moore appeals his convictions, following a jury trial, on one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2006) ("Count One"), and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006) ("Count Three"),[1] and the ensuing 360-month sentence. Moore challenges the sufficiency of the Government's evidence of his guilt and the district court's decision to sentence him as a career offender. For the reasons that follow, we affirm.

### I.    Sufficiency of the Evidence

In order to establish a violation of 21 U.S.C. § 841(a)(1), the Government must prove beyond a reasonable doubt that the defendant: (1) knowingly; (2) possessed the controlled substance; (3) with the intent to distribute it. United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999). Moore asserts the Government failed to meet its burden of proof on the third element.

---

[1] Moore was also convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006), but raises no argument pertinent to this count.

To establish this element, the Government called DEA Task Force Agent Phil Johnakin, who testified as an expert on the pricing, packaging, and distribution of marijuana in Virginia. According to Johnakin, marijuana is "typically packaged in plastic bag corners, for smaller amounts, which are knotted . . . and cut." The drugs seized from Moore were packaged in this manner, and each baggie contained between 1.5 and 2 grams of marijuana. Johnakin opined that each baggie would sell for approximately $20, which was consistent with the $265 in five, ten, and twenty dollar bills found on Moore. Finally, Johnakin testified that drug dealers frequently carry firearms to protect themselves, their drugs, and their money. Officer Frye, one of the police officers on the scene of Moore's arrest, testified that Moore removed a firearm from his waistband and threw it into a nearby bush prior to being apprehended.

Johnakin expressed his expert opinion that, "based on everything, . . . [Moore's possession of marijuana was] inconsistent with personal use, and more consistent with possession with the intent to distribute." Johnakin elaborated, noting his opinion was "[b]ased on the manner [in] which the drugs were packed, based on the amount of currency – or the manner of the currency, the 10s and 20s and 5s, as well as the firearm being in close proximity to all the above."

Taken in the light most favorable to the Government, Evans v. United States, 504 U.S. 255, 257 (1992), this evidence was more than sufficient to satisfy the Government's burden and to permit a reasonable trier of fact to find Moore guilty of Count One.

Moore next challenges the sufficiency of the Government's evidence on Count Three, particularly that he possessed the firearm in furtherance of the drug trafficking offense.

"[T]o prove the § 924(c) violation, the government was required to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime. However, whether the firearm served such a purpose is ultimately a factual question." United States v. Perry, 560 F.3d 246, 254 (4th Cir. 2009) (internal quotation marks and citation omitted), petition for cert. filed, ___ U.S.L.W. ___ (U.S. June 19, 2009) (No. 08-11019). In reaching this determination, the jury may consider:

> [T]he type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (internal quotation marks and citations omitted).

4

In light of the <u>Lomax</u> factors, the Government's evidence that Moore's possession of a firearm was in furtherance of his drug activity was substantial. According to Frye's testimony, Moore was carrying the firearm in the waistband of his pants, rendering it accessible and in close proximity to the marijuana and money found in his pants pockets. Moreover, Moore possessed the gun contemporaneously with his marijuana possession. Trial testimony further established that the firearm was loaded, with one bullet in its chamber. Because the facts amply satisfy the <u>Lomax</u> factors, we affirm the conviction on Count Three.

## II.  <u>Career Offender Designation</u>

Moore also argues the district court erred as a matter of fact and law in finding that his parole on two prior drug convictions was revoked such that both convictions counted toward the career offender designation.

### A.  <u>Standard of Review</u>

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); <u>see also</u> <u>United States v. Layton</u>, 564 F.3d 330, 335 (4th Cir. 2009), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. July 24, 2009) (No. 09-5584). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate

5

(or improperly calculating) the Guidelines range." Gall, 128 S. Ct. at 597. In reviewing the district court's application of the Sentencing Guidelines, this court reviews findings of fact for clear error and questions of law de novo. Layton, 564 F.3d at 334.

B.   Factual Basis for Enhancement and Guidelines Application

On April 5, 1990, Moore was sentenced in Virginia state court for possession with intent to distribute cocaine ("possession conviction") and conspiracy to distribute cocaine ("conspiracy conviction"). The pre-sentence report ("PSR") established that, with regard to the possession conviction, Moore was released on discretionary parole on March 25, 1992, but his parole was revoked on June 6, 1994. He was again paroled on January 16, 1997. Regarding the conspiracy conviction, the PSR noted that "the defendant's parole adjustment is provided in the preceding narrative," referring to the possession conviction.

To be sentenced as a career offender, the defendant must be at least eighteen at the time of the instant conviction, the offense must have been a crime of violence or a controlled substance offense, and the defendant must have two prior convictions for felony crimes of violence or controlled substance offenses. U.S. Sentencing Guidelines Manual ("USSG")

§ 4B1.1(a) (2008); <u>United States v. Poole</u>, 531 F.3d 263, 265 n.1 (4th Cir. 2008). Only the third element is in dispute here.

The date Moore was last incarcerated on his prior convictions controls whether those convictions count toward the career offender designation. USSG § 4B1.2 cmt. n.3; USSG § 4A1.2(e)(1), (k)(2)(B)(i). Although Moore was originally sentenced in 1990, his parole was revoked on June 6, 1994, and he was incarcerated until January 16, 1997. Thus, because Moore was last released from incarceration in relation to the prior sentences within the fifteen-year look-back period, the probation officer concluded both convictions counted.

### C. Claim of Factual Error

Moore first asserts the district court erred in concluding that he had two qualifying predicate convictions because the PSR did not conclusively establish whether the revocation went to one or both of the convictions, and the Government did not produce any evidence to prove this fact.

This argument lacks merit. The PSR enumerated both the possession and conspiracy convictions, detailed the parole adjustment imposed in the possession conviction, and made reference to that same adjustment in its discussion of the conspiracy conviction. Despite the Government's clear intent to rely upon the parole revocation to reinvigorate Moore's prior sentences such that they would be counted under USSG

§ 4A1.2(e)(1), (k)(2)(B)(i), Moore did nothing more than object in the district court; he did not provide any documentation to support his argument that parole was revoked as to only one of his prior convictions.

"If the district court relies on information in the [PSR] in making findings, the defendant bears the burden of establishing that the information . . . is incorrect; mere objections are insufficient." Randall, 171 F.3d at 210-11; accord United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Moore failed to satisfy this burden. Accordingly, the district court did not clearly err in finding Moore had two qualifying predicate convictions for controlled substance offenses.

### D.    Claim of Legal Error

Moore next argues the district court misapplied the relevant guidelines and committed legal error in concluding he qualified as a career offender. At the cornerstone of Moore's argument is Application Note 11 to USSG § 4A1.2(k), which clarifies the method for tacking terms of incarceration imposed upon revocation of parole or probation to original sentences.[2]

---

[2] This note directs that, when there is a single revocation of multiple sentences, the term of incarceration imposed upon revocation is added to the greater of the original terms of imprisonment, not to each term. USSG § 4A1.2 cmt. n.11.

The Ninth Circuit has concluded that Application Note 11 is not relevant to the issue raised by Moore. See United States v. Semsak, 336 F.3d 1123, 1127-28 (9th Cir. 2003). The probation officer in Semsak relied on the revocation solely to bring the defendant's prior convictions within the fifteen-year window necessary to count them as prior sentences – not to satisfy the durational requirement to count them. Id. at 1128. Accordingly, the Ninth Circuit found that Application Note 11 did not apply as it "addresses only the points assigned due to the *length* of sentences, not the *recency* of the sentences." Id. The court thus rejected Semsak's argument that Application Note 11 established that points should be assigned to only one sentence, finding that, "[u]nder the plain meaning of USSG § 4A1.2(e)(1) and § 4A1.1(k)(2)(a), both sentences fell within [the fifteen-year] period, and the district court correctly added three points for each conviction." Id.

We find the Ninth Circuit's reasoning persuasive. The probation officer here used the parole revocation proceeding to bring Moore's prior convictions within the fifteen-year look-back period. There simply was no tacking of an additional term of incarceration on to an original sentence, and thus Application Note 11 was not applicable. Further, Moore cites no authority to support his position that a similar approach should be employed in this particular context.

9

For the foregoing reasons, we affirm Moore's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED