**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4434**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COREY JASON STUKES,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Senior District Judge.  (3:17-cr-00030-TLW-9)

Submitted:  April 30, 2019                                    Decided:  May 29, 2019

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Benjamin N. Garner, Assistant United States Attorney, Kathleen M. Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Jason Stukes pleaded guilty to conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012). The district court sentenced Stukes to 100 months' imprisonment and 4 years' supervised release. On appeal, Stukes asserts that the district court erred in applying two two-level enhancements, one for possession of a dangerous weapon and the other for maintaining a drug premises, and in relying on hearsay testimony to determine the applicability of the enhancements. We affirm.

At the sentencing hearing, the district court heard testimony from Federal Bureau of Investigation Special Agent Kevin Conroy relating information obtained from three informants concerning Stukes' activities. One informant said that Stukes always carried a gun; another stated that he hung out with Stukes at a "trap house" in south Sumter, South Carolina, "run by Stukes," who had a constant stream of customers to purchase drugs there; and the third informant reported that Stukes had a gun in his waistband each time he purchased drugs from Stukes at a house in south Sumter. The Government offered no evidence that Stukes had a legal possessory interest in the trap house or that Stukes resided there.

We begin by addressing Stukes' argument that the district court procedurally erred in relying exclusively on Conroy's hearsay testimony, which Stukes claims was uncorroborated. We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We must

2

"ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, . . . selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51.

A district court "may consider any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (internal quotation marks omitted); *see* U.S. Sentencing Guidelines Manual § 6A1.3(a) (2016). The defendant bears "an affirmative duty to show that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." *Mondragon,* 860 F.3d at 233 (internal quotation marks omitted).

Stukes claims that the information supplied by the informants was uncorroborated and therefore unreliable. First, hearsay is admissible at sentencing, and the fact that it is uncorroborated does not, by itself, render it unreliable. Rather, a defendant must show that the disputed information is unreliable, and why. *United States v. Terry*, 916 F.2d 157, 162-63 (4th Cir. 1990). Second, the informants' claims actually were corroborated. As to the firearm enhancement, two informants stated that Stukes possessed a firearm during drug sales; one reported that Stukes always carried a gun, and the other recounted that Stukes had a gun in his waistband each time the informant purchased drugs from Stukes. Similarly, two informants stated that Stukes sold drugs from a house in south Sumter, South Carolina. And third, Conroy testified that two of the informants had

proven extremely reliable by providing a significant amount of information that was corroborated through further investigation and led to arrests and indictments of additional coconspirators. Thus, we conclude that Conroy's hearsay testimony bore sufficient indicia of reliability to permit the district court to rely on it in determining the applicability of the disputed sentencing enhancements.

In reviewing application of these enhancements, we review the district court's legal conclusions de novo and its factual conclusions for clear error. *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). The Guidelines enumerate several specific enhancements for drug trafficking offenses. *United States v. Bolton*, 858 F.3d 905, 912 (4th Cir. 2017). Here, the district court applied two such enhancements. First, the court added two offense levels under USSG § 2D1.1(b)(1), which reads: "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels." The Guidelines' commentary states in part, "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.11(A). Noting the reliability of Agent Conroy's testimony, we conclude that the district court did not clearly err in determining, by a preponderance of the evidence, that Stukes possessed a firearm during at least some of his drug transactions.

The district court also applied USSG § 2D1.1(b)(12), which reads: "If the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase by 2 levels." The Guidelines' commentary states: "Among the factors the court should consider . . . are (A) whether the defendant held a possessory

4

interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." USSG § 2D1.1 cmt. n.17.

Again, in light of the reliability of the informants' information as relayed by Conroy's testimony, we conclude that the district court did not clearly err in determining, by a preponderance of the evidence, that Stukes maintained a house for the purpose of selling drugs. While other indicia of control are absent, such as a documented possessory interest in the house, Conroy's testimony that Stukes ran a trap house provided sufficient evidence that Stukes exercised at least some power to control it.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*